No. 2039.—J. HARVEY, Syndic *v.* J. P. WALDEN, and his sureties.

In 1862, during the time that the city of New Orleans was under insurgent control and Confederate notes were the circulating medium, a judgment creditor who resided in the city, caused execution to issue, by virtue of which the sheriff seized and sold the property of the debtor. The price of the bid was paid over to the sheriff in Confederate notes, which he deposited in bank. After the city had been captured by the United States, the judgment creditor demanded the amount of the sale in lawful currency.

Held—That Confederate notes being the circulating medium at the time the *fieri facias* was placed in the hands of the sheriff and also at the time the sale was made, and the judgment creditor being at the time a resident of the city of New Orleans, he must be presumed to have authorized the sheriff to take in payment such notes; that the sheriff being obliged to execute the writ, without the power to enforce payment in any other currency than Confederate notes, can not be compelled to return to the creditor any other currency than the notes he received.

When the sheriff has sold property under execution and taken an unlawful currency in payment, the action against the sheriff by the judgment creditor is not for moneys received by him, but for malfeasance in office in having sold property and received in payment thereof other than lawful currency; such action is prescribed by one year. C. C. 3536, (3501).

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.. George L. Bright,* for plaintiff and appellant. *William H. Hunt* and *Fellows & Mills,* for defendants and appellants.

LUDELING, C. J. On the eighteenth day of January, 1862, the plaintiff obtained from the Fourth District Court of New Orleans an order of sale, and placed it in the hands of the sheriff, the defendant, to be executed. Under this writ the sheriff sold property and received the price of the adjudication in Confederate treasury notes, which he deposited in bank.

The plaintiff does not appear to have called for the price until after the capture of New Orleans by the Federal forces, to wit, in August, 1863. It is proven that the defendant was willing and ready at all times after the sale to pay the currency received by him.

This suit was instituted on the eleventh August, 1863, to make the sheriff and his sureties pay in lawful money of the United States the price of the sale aforesaid.

The evidence establishes that Confederate money was the circulating medium at the time the order of sale was placed in the hands of the sheriff and when the sale was made under it. The plaintiff resided in New Orleans, and he must be presumed to have known that no other currency was in general circulation then in January and February, 1862; and we can not resist the conviction that by placing the

writ in the hands of the sheriff to sell property of his debtor, he authorized him to receive Confederate treasury notes for the price.

We know from the history of the times, that the sheriff could not have demanded with safety any other money in payment of the price of property sold at public auction, and that he could not have enforced the payment of any other kind of money at that time, and still he was obliged to execute the writ. The demand of the plaintiff is without equity.

But, even if the plaintiff's conduct did not authorize the sheriff to receive Confederate treasury notes in payment of the price of the property, it is clear that his right of action against the sheriff is not for moneys received by him, for he received none, but for malfeasance in office in having sold property and received other than lawful money in payment thereof.

If this suit could be regarded as such an action, the plea of prescription of one year, filed in this court, would have to be maintained. C. C. 3536 (3501).

It is therefore ordered that the judgment of the district court be affirmed with costs of appeal.