No. 7715.

L. P. CAILLOUET ET AL. VS. HENRY FRANKLIN.

The failure to record any abstract or other document attesting the amount of the appraisement of a minor's property prior to the 1st of January, 1870, will extinguish any tacit mortgage he may have had on the property of his tutor.

An action against the clerk of a court for damages, on account of his neglect to file with the recorder of mortgages an abstract of the inventory of a minor's property, showing the value of that property, is prescribed in one year.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J.*

*John S. Billiu* for plaintiffs and appellants.

*Moore & Badeaux* for defendant and appellee.

---

John S. Billiu, for plaintiffs and appellants, contended:

The special obligation imposed by the acts of 1869 upon the clerk of the court was to furnish to the recorder the necessary abstracts from his office to maintain and perpetuate the mortgage in favor of the plaintiffs. His neglect to do so was a palpable breach of that obligation which was specially imposed on him by law, and gave rise to damages *ex contractu*.

We can readily conceive that a neglect by an officer in the general discharge of his duties is a breach which would give rise to damages *ex delicto*, and under the authority cited become prescriptible by one year; but, on the other hand, we make the distinction, that his obligations under the act of 1869 being *ex contractu*, and his breach thereof flowing from the violation of a special obligation, the same is not covered by the prescription of one year. 26 A. 677.

Moore & Badeaux, contra, contended:

Article 3536 C. C. provides that the actions resulting from offenses or quasi-offenses are prescribed by one year. A quasi-offense is defined to be an act which causes injury to another, but which proceeds only from error, *neglect*, imprudence, or want of skill. C. C. 2316; Edwards vs. Turner, 6 R. 382; Gardner vs. Succession of Scherer, 31 A. 527. The character of the complaint against Franklin falls entirely within this definition, and hence is prescribed. 31 A. 527; 16 A. 354.

As to the presumption of offenses or quasi-offenses, the law makes no difference between those committed by private individuals and those committed by public officers. 6 N. S. 470, and 665 and 691; 14 A. 390; 15 A. 418; 31 A. 560.

If defendant is made to pay the amount of the judgment, he is entitled to a subrogation thereto, and if the latter is prescribed, and if by

no fault of defendant it no longer exists, there is nothing to subro-
gate, and plaintiffs cannot recover, if the plea of prescription is
interposed.  Emmerling vs. Graham, 14 A. 390 (389).

Franklin stands in the light of a surety, and is discharged "when he
loses his right of subrogation."  Police Jury vs. Brookshier, 31 A.
736.

Such judgment is susceptible of execution (Capdevielle vs. Erwin, 13
A. 286; Tanneret vs. Edwards, 18 A. 606); and is, in the strictest
sense of the law, such a "judgment" as will preempt by a failure
to "revive."  This judgment was rendered well-nigh twenty years
previous to the institution of the present suit, and, it is admitted,
was never "revived."  C. C. 3466 ; 6 A. 344; 24 A. 160.

The opinion of the court was delivered by

DeBlanc, J.  Marie Eveline Benoit died on the 31st of October
1858, and—nine days after her death—her succession was opened and
her surviving husband confirmed as the natural tutor of the children
born of their marriage.  He—as such—rendered an account which was
homologated in 1860, and—by the decree of homologation—the share
inherited by each of his wards from their mother's succession, was
fixed at $628.33⅓.

From the day he was confirmed as their tutor, his children had, on
his property, a legal mortgage, as security for his administration, and
the responsibility which resulted therefrom ; but no abstract of the in-
ventory of the minors' property, no document attesting the amount of
its appraisement, was recorded prior to the 1st of January 1870, and—
from that date and in their own words—"their mortgage became pre-
scribed and lost."

Old C. 354, 3282, 3283, 3298—Const. of 1868, article 123.

Defendant—it is alleged—was, in 1868 and 1869—the clerk of the
district and probate courts of the parish of Lafourche, wherein the suc-
cession of the plaintiffs' mother was opened, and they charge that—by
his failure to comply with the 11th section of Act No. 95 of 1869, com-
manding the deposit with the recorder of the abstracts therein men-
tioned, they have lost the whole of their inheritance.

This suit was brought to recover—from said clerk, and as damages—
the amount of that inheritance, and he—in bar of plaintiffs' demand—
pleads the prescription of one year.  His plea was sustained, and they
appealed.

That part of the 11th section of the act of 1869 relied on by plaintiffs,
reads as follows:  "and any failure of the clerks or recorders to per-
form the service required, shall subject them to any damage that such
failure may cause any person, and shall further subject them *to a fine*

of not less than one hundred, nor more than one thousand dollars, for the benefit of the public-school fund, to be recovered by the district attorney or district attorney *pro tem:*"

Considering the terms of that legislative provision, it seems evident that the clerk's failure amounts, not merely to the violation of a duty as regards exclusively the plaintiffs, but to the violation of a general duty, imposed in the interest of an entire class—minors—and that damages resulting from a failure, which may subject the clerk to a fine of one thousand dollars, can be recovered but on an action *ex delicto*, which is barred by the prescription of one year.

C. C. 3536 (3501).

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.