### No. 13,466.

### JOHN B. WARNER VS. NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

### SYLLABUS.

Actions for damages resulting from offences or *quasi*-offences are prescribed by one year.

A PPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

---

*Benjamin Rice Forman* for Mrs. John B. Warner, Plaintiff, Appellant.

---

*Dart & Kernan* for Defendant, Appellee.

---

*Charles H. Brownlee* for Mrs. Ida Kinkaid and Robert Kinkaid, Intervening and Appellants.

---

The opinion of the court was delivered by

MONROE, J. This is an action in damages for personal injuries alleged to have been sustained by the wife of the titular plaintiff through the negligence of the defendant's servants. The petition was filed December 21, 1895, and alleges that on or about the 26th of December, 1894, the "petitioner's wife desired to get on the car of said " company on Jackson street, at the corner of Constance, and gave the " signal to stop the car; that she put her foot on the step and was about " to step on the car, when the conductor negligently gave the signal for " the car to go on,  *  *  *  and he did not allow her a reasonable " time to get on, but caused the car to move forward rapidly while she " had one foot on the step and the other on the ground, whereby she was

" thrown with great violence to the ground, and suffered grievous bodily
" injuries," etc.

To this, upon December 31, 1895, defendant excepted, on the ground
that the allegations were vague and insufficient. On December 15,
1898, the plaintiff moved to fix this exception for trial, and it was,
accordingly, fixed, tried, and maintained, January 6, 1899, in so far as
to direct the amendment of the petition. Thereafter, the petition hav-
ing been amended, the defendant filed a plea of prescription and a gen-
eral denial. There was a trial upon the merits, and judgment for
defendant, and plaintiff has appealed. In the meanwhile, and after the
filing of the amended petition, the original plaintiff died, and his wife
was substituted in his stead, and thereupon a question was raised as to
her right to stand in judgment, and the daughter (by first marriage)
and heir of the husband made herself a party to the suit, joining the
plaintiff in her demand. A decision of the question which is thus pre-
sented by the change of parties is, however, waived, and the case will be
otherwise determined.

According to the theory of the plaintiff and the tendency of the
evidence in support of the claim, Mrs. Warner, who was a very heavy
woman, with one foot sprained and the other with a bone broken, and
who was then about sixty-five years of age, some time in December, and
before Christmas, 1894, hailed a car on Jackson avenue, with a view to
riding to St. Charles avenue and Philip street. She states, and she is
the only witness to the accident, that as she attempted to board the car
it moved suddenly and that she was thrown to the ground; that a gen-
tleman assisted her to her feet and that she got into the next car, and,
without further aid, though with some difficulty, having some little
distance to walk, reached home. Thereafter, she appears to have gone
on with her music teaching and other occupations as usual. So much
so that her friend, Mrs. Bruff, who visited her on Christmas, neither
heard, nor found, anything unusual as to her condition. On the 28th
of December, however, Mrs. Warner had a slight stroke of paralysis
with which she was laid up for a month or two. During that time, she
was visited frequently by her pastor, but he testifies that he heard noth-
ing to the effect that the paralysis was attributable to a fall from a car.
She was also visited by a physician, but he was not called as a witness,
and we understand from her testimony that he was not told that she had
had such a fall.

It appears, from her testimony and from that of Mrs. Bruff and Mrs.
Brooke (the latter being also a friend of, and a witness for, Mrs.

538        SUPREME COURT OF LOUISIANA,

State ex rel. Green vs. Judge et als.

Warner), that the car accident happened before the middle of December, 1894, and certainly did not happen on the 26th of that month as stated in the petition. This testimony, considered in connection with that of one or two physicians who were examined as experts, and considered in connection with the fact that the physician who attended Mrs. Warner was not called or examined at all, in our opinion, leaves the question very much at large as to whether the accident described in the petition caused the paralysis or had anything to do with it. Be that as it may, neither Mr. Warner nor his wife made any complaint of the matter at the time nor until Mr. Warner, having met with an accident himself, consulted counsel upon the subject of bringing suit for damages, when it was decided to make the accident to his wife the basis of such a suit. This suit was not filed, however, until December 21, 1895, whereas, the accident, we are satisfied from the evidence, as was the judge *a quo,* occurred at some time anterior to December 21, 1894, or more than twelve months before such filing. The prescription of one year was, therefore, well pleaded and properly sustained.

Judgment affirmed.