No. 2113.

Second Circuit Appeal.

F. R. CHADICK v. W. K. HENDERSON.

(November 7, 1924, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Minors—Par. 135, 136.**
The minors' mortgage does not begin to operate against or affect real property of a natural tutor or tutrix until it is recorded in the mortgage records of the Parish in which the property is situated.

(Civil Code, Article 322; Vance vs. Vance, 32 La. Ann. 191; Caillouet vs. Franklin, 32 La. Ann. 220; John S. and Louise Skinner vs. Wiliam C. Sibley, 27 La. Ann. 392.)

2. **Louisiana Digest, Error and Mistake— Par. 8, 16.**

Where there was an error, believing tha there was a minor's mortgage ex isting against certain land at the tim the minor's mother sold her interest money retained out of the purchase price of property due to this error of fact can be recovered.

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit to recover money erroneously retained out of the purchase price of land.

Judgment for the plaintiff and defendant appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for plaintiff and appellee.

Pugh & Boatner and Byron A. Irwin, all of Shreveport, attorneys for defendant and appellant.

CROW, J. Plaintiff sold defendant a tract of land situated in Caddo Parish, for a stipulated price, and by agreement of the parties to the transaction, defendant was permitted to retain in his hands $875.00 of the purchase price of the property for the reason that it was then thought by both parties that there was recorded against said property a minor's mortgage, resulting from the recordation of the abstract of inventory in the matter of the tutorship of the minor heirs of John Connelly, deceased, who had once owned an undivided fractional interest in the said land. However, after the said sale of the land by plaintiff to defendant, it was discovered that, in truth and in fact, the parties were in error in believing that there was any minor's mortgage existing against and affecting said land at the time said minors' mother, Mrs. Florence Rogers, sold her interest (against which it was thought the minors' mortgage operated)· to one Peter Schlomer, one of the ancestors in title of plaintiff.

In other words, it was later found to be the fact that the sale of Mrs. Rogers' interest in the land was made and the deed recorded in the conveyance records of Caddo Parish, in May, 1908, and that the abstract of inventory of the minors' property was not filed or recorded in the mortgage office till January 28, 1909.

The sale was made by Mrs. Rogers to Schlomer, who purchased the property in good faith for a valuable consideration, on

what was disclosed by the public records of Caddo Parish. The minors' mortgage does not begin to operate against or affect real property of a natural tutor or tutrix until it is recorded in the mortgage records of the Parish in which the property is situated. (Civil Code, Art. 322; Vance vs Vance, 32 La. Ann. 191; Caillouet vs. Frank lin, 32 La. Ann. 220; John S. and Louis Skinner vs. William C. Sibley, 27 La. Ann 392.)

Defendant declined to pay the balance of the purchase price after it had been found that there was no minors' mortgage affecting the land. Plaintiff thereupon filed this suit to recover the said sum of $875.00, with eight per cent. per annum from December 13, 1922, till paid. Judgment was rendered in favor of plaintiff as prayed for, in the District Court, and the defendant has appealed.

No argument was made by counsel in this court for defendant, appellant, and they agreed to submit the case on briefs to be filed, but none have been filed by them.

We find the judgment of the District Court correct, and it is affirmed.

(Odom, Judge, takes no part.)