(102 So. 669)

No. 26554.

## LAGRONE v. KANSAS CITY SOUTHERN RY. CO.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Contracts** &copy;==1—**Obligation toward public not contractual.**

It is essence of contractual obligation under Civ. Code, art. 1765, that it be due to some particular person, as distinguished from general public.

**2. Limitation of actions** &copy;==35(1)—**Prescription; action for damages for failure to furnish cars barred by prescription of one year.**

Carrier's obligation, under Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.), to furnish cars, is to public in general and arises solely from law, and action for damages for failure to furnish cars is barred by prescription of one year applicable to quasi offenses.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by James M. Lagrone, receiver for the Willowbrook Brick & Tile Company, against the Kansas City Southern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ST. PAUL, J. Plaintiff, as receiver for the Willowbrook Brick & Tile Company, sued defendant for damages for an alleged failure to furnish cars for the transportation of the company's product; which alleged failure occurred more than one year before the filing of this suit. Wherefore defendant pleads the prescription of one year.

It is not claimed that plaintiffs were under any special contract to furnish the cars; but that the duty arose by virtue of defendant's general obligation to furnish cars under the Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.).

Hence defendant contends that its alleged failure to furnish cars was a quasi offense, and its liability for damage, if any, extinguished by the prescription of one year. On the other hand, plaintiff contends that the damage arose from the breach of a quasi contract, and is extinguished only by the prescription of ten years.

I.

In Gordon v. Stanley, 108 La. 182, 32 So. 531, this court said:

"Whilst it is true * * * that mere error, negligence, or imprudence, resulting in injury to another, may be a quasi offense, it is also true that one may *by contract* bind oneself to compensate such injury; and, because the sufferer may have an action in damages as for a quasi offense, it does not follow that he should be denied the right to sue on his contract, *if he has one,* and prefers that remedy." (Italics ours.)

Hence it has been held that where one has bound himself by special contract, *i. e., has given bond,* for the performance of duties otherwise imposed upon him by law, the party injured may sue upon *the contract,* instead of on the *tort;* and, if he does so, his action is not prescribed except by the prescription of 10 years. Gordon v. Stanley, 108 La. 182, 32 So. 531; Weintz v. Kramer, 44 La. Ann. 35, 10 So. 416; Fox v. Thibault, 33 La. Ann. 32; Brigham v. Bussey, 26 La. Ann. 677; Brown v. Gunning's Curatrix, 19 La. 462; Poydras v. Patin, 5 La. 327.

On the other hand, it has been held that where the action for damages was not upon the bond or *contract*, but merely upon the breach of duty *as imposed by law*, the damages arose ex delicto, and were extinguished by the prescription of *one* year. Knoop v. Blaffer, 39 La. Ann. 23; Caillouet v. Franklin, 32 La. Ann. 220; New Orleans v. Southern Bank, 31 La. Ann. 566; Harvey v. Walden, 23 La. Ann. 162; Taylor v. Graham, 15 La. Ann. 418; Edwards v. Turner, 6 Rob. 382; Balfour v. Browder, 6 Mart. (N. S.) 708; Fisk. v. Browder, 6 Mart. (N. S.) 691; Semple v. Buhler, 6 Mart. (N. S.) 665. See authorities reviewed, in Gordon v. Stanley, supra.

## II.

[1] But it has never been held that the mere fact of the law imposing upon a person some duty towards the public operates to create a quasi contract between such person and each individual member of the public. And it is of the essence of a contractual obligation (contract or quasi contract) that it be due to some particular person as distinguished from the public in general. R. C. C. art. 1765.

In New Orleans v. Southern Bank, 31 La. Ann. 560, 567, this court said:

"The distinction between damages ex delicto and ex contractu is that the latter ensue from the breach of a special obligation, and the former from the violation of a general duty."

[2] In the case before us, the defendant's obligation to furnish cars was to the public in general, including plaintiff, and arose solely from the law; neither that law itself, nor any act of defendant, placed the latter under any special obligation to plaintiff. Our conclusion is that the plea of prescription of one year was properly sustained by the trial judge.

## Decree.

The judgment appealed from is therefore affirmed.