ROGERS, J.
 

 In the month of May, 1918, Miss Olive May Stephenson, a passenger of the defendant carrier, fell from the rear end of one of its cars, receiving injuries which rendered her unconscious, and from which she died a few hours later, without having regained consciousness. She was survived by two brothers and two sisters, who were her sole and only heirs. Nearly three years after the fatal accident they brought suit against the carrier and its surety on a bond executed in accordance with the provisions of Ordinance No. 2346 of the commission council of the city of New Orleans. After their exceptions were overruled, defendants answered, and the case went to trial before a jury. The jury brought in a verdict for $5,000 in favor of plaintiffs. Defendants, without asking for a new trial, appealed to the Court of Appeal. That court reduced the award to $2,500, and, as thus modified, affirmed the judgment. A rehearing applied for was refused, with reasons, and the parties cast are before this court asking that the judgment against them be reviewed and set aside.
 

 The important question presented, and the one which is determinative of the case, is whether, under defendants’ exceptions, plaintiffs’ action is barred by the prescription of one year (Civ. Code, art. 3536), or by the prescription of ten years (Civ. Code, art. 3544). If the action- is one ex-contractu, as alleged by plaintiffs, the latter applies. If the action is one ex delicto, as claimed by defendants, the former applies.
 

 Plaintiffs’ demand is divided into two parts —one for the damages they allege they personally suffered by the death of their sister, and the other for the damages they allege their sister herself could have recovered had she survived, and to which they aver they are the legal heirs. The Court of Appeal restricted its award to the damages claimed on the first item, denying any recovery for the damages alleged under the second item.
 

 Plaintiffs contend their suit is one strictly ex contractu for two reasons, viz.:
 

 (1) Because it is filed on the bond against the railway company as principal, and against the surety company as surety.
 

 (2) Because it is based on a breach of the contract of safe carriage of a passenger.
 

 But under the ruling of the Court of Appeal, in which we concur, plaintiffs’ action is confined solely to the right of recovery, granted them by Civ. Code, art. 2315, of such damages as they may have suffered personally from the wrongful death of their sister.
 

 Irrespective, therefore, of whether obligations as- of tort may be superadded to contractual obligations, plaintiffs’ right of action arises only from the beneficence of the lawmaker. It must be tested and viewed from that standpoint alone. When this is done, it becomes apparent that, under the express terms of the statute, the action therein granted to plaintiffs, as surviving brothers
 
 *135
 
 and sisters of the decedent, for the recovery of damages suffered by them personally, is one arising exclusively from a qiiasi offense or tort.
 

 According to the provisions of the municipal ordinance, the 'bond is exacted of a carrier to protect any person who may suffer damages to person or property through his fault, or that of his agents, servants, or employees. This is also the condition of the bond itself. In construing the ordinance and bond, we held in Hopkins v. National Surety Co., 157 La. 1035, 103 So. 314, that the bond was not an original obligation or indemnity contract, but merely a collateral undertaking or cumulative security which does not supersede the original rights of the parties.
 

 Neither the carrier nor the surety company bound itself not to injure any one in person or property. .The law, in the form of a municipal ordinance, merely required' of the carrier, as a condition precedent for operating its business, a bond for the protection of the public against damages resulting from its fault, or that of its agents, servants, or employees. The only obligation of the surety company is to pay a person injured in body or property up to the sum stipulated in its engagement ($5,000), if the primary obligor fails to do so.
 

 The Civil Code declares that actions resulting from quasi offenses or torts are prescribed by one' year. The codal provision must be read into the bond. Plaintiffs’ action against the defendant carrier became prescribed after one year had elapsed from the date it accrued. This being the case, their action against the surety company, which cannot be more onerously bound on its collateral undertaking, is also barred by the lapse of the same period of time.
 

 The reason why the Court of Appeal held that the prescription of ten years was applicáble was because it thought the case of Distefano v. Michiels, 158 La. 885, 104 So. 914, Was -decisive of the issue involved between the parties litigant. We do not think,' however, that this is so. The ratio decidendi there was not that an action on an indemnity bond for the payment of damages ex delicto was an action ex contractu, but that, plaintiff’s suit having been brought within one year after the accident happened, his right of action against the sureties on the bond was thereby preserved. Plaintiff had brought suit against the carrier and his sureties within the year after the accident, and judgment was rendered against the principal and the surety who had been reached by citation. This judgment fixed and determined the liability of the carrier to pay damages, for which the sureties became liable on their engagement to pay the injured party, if the carrier did not.
 

 The Court of Appeal also relied on Gordon v. Stanley, 108 La. 182, 32 So. 531, and this case, together with Lagrone v. Kansas City Southern Ry. Co., 157 La. 559, 102 So. 669, is cited and relied upon by the respondents here. We do not think either of those cases is authority on the issue presently before us.
 

 For the reasons assigned, the rule nisi herein issued is made absolute; and, accordingly, the judgment of the Court of Appeal is set aside, and it is now ordered that there be judgment in favor of the defendants, rejecting plaintiffs’ demands at their cost.