102 So.2d 326 (1958)
Mr. and Mrs. Philip H. SIZELER
v.
The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.
No. 20999.
Court of Appeal of Louisiana, Orleans.
April 14, 1958.
Rehearing Denied May 12, 1958.
Writ of Certiorari Denied June 27, 1958.
*327 James H. Drury and J. Charles Collins, Jr., New Orleans, for plaintiffs and appellants.
Deutsch, Kerrigan & Stiles, Breard Snellings and William A. Glennon, Jr., for defendant and appellee.
Before McBRIDE and REGAN, JJ., and L. JULIAN SAMUEL, J. ad hoc.
REGAN, Judge.
Plaintiffs, Philip H. Sizeler and his wife, Conchita Sizeler, on November 7, 1956, instituted this suit against the defendant, the Employers' Liability Assurance Corporation, Ltd., the insurer of Stephens Buick Company, endeavoring to recover the sum of $2,093, representing personal injuries and medical expenses incurred on October 21, 1955, when the door of the Stephens Buick Company limousine in which plaintiffs were riding from its parking facilities to the business district of New Orleans was closed upon her hand by a fellow passenger, P. J. O'Reilly, as she was attempting to alight from the vehicle. Plaintiffs assert that the accident was caused solely through the negligence of Stephens Buick Company as a common carrier in failing to install a "strap" or "rod" which passengers could grasp so as to facilitate alighting from the vehicle.
Defendants pleaded the exception of prescription of one year, since this suit was begun more than one year from the date of the accident.
From a judgment maintaining the plea of prescription of one year, the plaintiffs have prosecuted this appeal.
The record reveals that on August 31, 1956, plaintiffs sued Southwestern Fire & Casualty Company as the insurer of O'Reilly by virtue of the existence of a comprehensive personal liability policy issued to him by it. O'Reilly was not named therein as a party defendant. In that suit the plaintiffs asserted that the accident was caused solely by O'Reilly's negligence in closing the door upon the hand of Mrs. Sizeler.
On October 10, 1956, Southwestern Fire & Casualty Company answered that suit and pointed out that its policy excluded coverage for injuries involving vehicles located away from its insured's premises.
On that same day Southwestern Fire & Casualty Company filed a third party suit against the defendant herein requesting the rendition of a judgment against this defendant in the event that the court concluded that it was liable to the plaintiffs predicated on the theorem that defendant under its policy of insurance with Stephens Buick Company would become the omnibus insurer of its passenger, O'Reilly, and responsible for any negligence on his part. Defendant then filed an answer to the third party suit in which it denied that it afforded such coverage to O'Reilly. The defendant was never served by either plaintiffs or Southwestern Fire & Casualty Company with a copy of plaintiffs' petition nor made answer to it.
*328 On November 5, 1956, plaintiffs' suit against Southwestern Fire & Casualty Company for O'Reilly's alleged negligence in causing the accident was dismissed because its policy excluded coverage for injuries involving vehicles located in a place other than upon its insured's (O'Reilly's) premises.
Since the court was of the opinion that Southwestern Fire & Casualty Company was not liable, it likewise dismissed Southwestern's third party suit for judgment against the defendant.
Plaintiffs have appealed from the judgment dismissing their suit against Southwestern Fire & Casualty Company; however, no appeal has been perfected by Southwestern from the judgment dismissing its third party suit against the defendant.
On November 7, 1956, which was two days after plaintiffs' suit was dismissed against Southwestern Fire & Casualty Company, plaintiffs instituted this suit against the defendant as the insurer of Stephens Buick Company. This was the first time plaintiffs had asserted any demand against the defendant herein.
In this suit plaintiffs changed their original cause of action from a claim against Southwestern Fire & Casualty Company as insurer of O'Reilly for his alleged negligence in causing the accident to a claim against the defendant as the insurer of Stephens Buick Company for its alleged negligence as a common carrier in failing to provide a "strap" or "rod" which passengers could grasp and thus facilitate their alighting from the vehicle.
Defendant pleaded the prescription of one year, which as we have said hereinabove was maintained by the trial court; hence this appeal.
Plaintiffs insist (a) that their suit against the defendant as the insurer of Stephens Buick Company is predicated upon a contract of carriage and therefore the prescriptive period of ten rather than one year is applicable herein and (b) that although plaintiffs asserted no cause of action against the defendant until over a year after the accident had occurred, nevertheless Southwestern Fire & Casualty Company's third party complaint against the defendant for a judgment should Southwestern be liable as the insurer of O'Reilly interrupted prescription in plaintiffs' behalf as to their present suit against defendant as the insurer of the common carrier Stephens Buick Company.
Plaintiffs' initial contention that an action against a carrier for personal injuries does not prescribe in one year from the date of the injuries is not legally tenable.
There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject. The case of the common carrier furnishes us with a classic illustration. The law requires it to carry with impartiality and safety those who offer themselves as passengers. If it fails to do so, it is chargeable with a tort, which action is prescribed one year after the occurrence of the accident.[1] Generally when merchandise is delivered to it for carriage, there is also a contract expressed or by operation of law that it will carry with impartiality and safety, and if it fails in this duty, there is a breach of contract which is prescribed ten years after the occurrence.[2] However, the statutory law[3] now limits the time in which this latter action may be brought to two years from the date of shipment.
Thus, for the breach of the general duty imposed by law because of the relationship, one type of action is initiated, and for the breach of a contract another form of action *329 is indicated. As we have seen, the Revised Civil Code limits the time in which these two forms of actions may be instituted. The jurisprudence of this state has consistently recognized that an action against a carrier for failure to carry a passenger without physical harm will prescribe if not brought within one year of the accident.[4]
Plaintiffs' final contention that Southwestern Fire & Casualty Company's third party suit against the defendant for judgment against it should Southwestern be held liable as the insurer of the passenger O'Reilly interrupted prescription as to the plaintiffs' cause of action against the defendant as the insurer of Stephens Buick Company is likewise untenable.
The sole issue raised by plaintiffs in that suit was Southwestern's liability under its policy issued to O'Reilly; no mention was made therein of any claim or cause of action against Stephens Buick Company, nor did the plaintiffs sue the defendant herein. Southwestern's third party action against the defendant was simply for a judgment should it be held responsible as the insurer of O'Reilly. Since its policy excluded coverage of O'Reilly for this action, the court dismissed plaintiffs' suit against Southwestern Fire & Casualty Company and likewise Southwestern's claim against the defendant.
Plaintiffs, to substantiate their contention that Southwestern's suit interrupted prescription in their favor, point to LSA-Revised Statutes § 9:5801, which provides:
"The filing of a suit * * * shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants. * * *"
The jurisprudence has recognized that prescription is not interrupted as to another demand based upon different grounds than those contained in the original petition[5] or where a plaintiff seeks to assert a different cause of action than originally pleaded.[6] Since the liability of Stephens Buick Company was not the cause of action originally sued upon by either plaintiffs or Southwestern Fire & Casualty Company, prescription could not be interrupted as to Stephens Buick Company. The only cause of action against defendant in Southwestern's third party suit was Southwestern's claim against the defendant should it be found liable as O'Reilly's insurer. The judgment in that suit in defendant's favor against Southwestern is now final. Plaintiffs neither sued defendant in their first action nor appealed from the judgment in defendant's favor against Southwestern Fire & Casualty Company.
In a relatively recent case[7] we expressed the opinion that when a defendant files a third party suit against one not a party to plaintiff's original suit, the plaintiff may assert only such demand against the third party defendant as arises out of the transaction or occurrence that is the subject of the principal demand. In this case plaintiffs did not see fit to assert any claim against the defendant herein in the first suit; however, had plaintiffs desired to do so, they could not then have asserted any claim against defendant as the insurer of Stephens Buick Company for not only would it have changed the cause of action that they were asserting against defendant but also would have changed the cause of action that Southwestern Fire & Casualty Company was asserting against this defendant.
In view of what we have said we are of the opinion that Southwestern Fire & Casualty Company's third party suit against the *330 defendant herein for judgment should Southwestern be held liable as the insurer of O'Reilly did not interrupt prescription as to plaintiffs' cause of action against defendant as the insurer of Stephens Buick Company.[8]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LSA-Civil Code Arts. 2315, 3536.
[2] LSA-Civil Code Arts. 2754, 3544.
[3] LSA-R.S. 45:1100.
[4] Stephenson v. New Orleans Ry. & Light Co., 1928, 165 La. 132, 115 So. 412; Sims v. New Orleans Ry. & Light Co., 1914, 134 La. 897, 64 So. 823; Warner v. New Orleans & C. R. Co., 1901, 104 La. 536, 29 So. 226.
[5] See Callendar v. Marks, 1936, 185 La. 948, 171 So. 86.
[6] Liles v. Barnhart, 1922, 152 La. 419, 93 So. 490.
[7] Ferrantelli v. Sanchez, La.App.1956, 90 So.2d 351, XVII La.L.Rev. 636 (1957).
[8] See Achord v. Holmes, La.App.1948, 34 So.2d 807, which held that citation to a defendant is the only form of notice which will interrupt prescription.