304 So.2d 865 (1974)
The NORTHERN ASSURANCE COMPANY OF AMERICA
v.
Leonard WAGUESPACK.
No. 6487.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Hammett, Leake & Hammett, Craig R. Nelson, New Orleans, for plaintiff-appellant.
Herbert G. Gautreaux, Gretna, for defendant-appellee.
Before GULOTTA, BOUTALL and BEER, JJ.
GULOTTA, Judge.
This is an appeal from a judgment maintaining defendant's plea of prescription. Plaintiff contends its cause of action is one in contract which prescribes in 10 years and not, as concluded by the trial *866 judge, one in tort which prescribes in one year.
The facts are that during the time defendant was an employee of Sooner Pipe and Supply Co., he allegedly falsified certain documents and misused credit cards. The employer was reimbursed for its loss by The North American Assurance Company, who was subrogated to its rights against the defendant. Approximately six years after the alleged misconduct, plaintiff insurer filed suit against the defendant, the employee, for the $2,000 paid to the defendant's employer.
On appeal, plaintiff contends that the trial judge erred: (1) in maintaining a plea of prescription which was never filed in the record; and (2) in holding that the one year prescriptive period was applicable.
We find no merit in plaintiff's first assignment of error. It is true that the written plea of prescription was never filed in the record and we are aware that LSA-C.C.P. art. 924, including the articles referred to in LSA-C.C.P. art. 924 and LSA-C.C.P. art. 927,[1] requires the plea of prescription be specifically pleaded and in writing. However, it is clear from a reading of the judgment that the exception of prescription was submitted to the trial court by joint agreement of both parties at the pre-trail conference. The pertinent part of the trial judge's reasons are as follows:
"The exception of prescription filed herein was submitted to the Court for decision by joint agreement of both parties at the pre-trial conference held previously herein, on memoranda submitted by each counsel. * * *"
Nothing is contained in the record which allows us to conclude that the above recitation contained in the judgment is in error. We can only conclude the requirements of LSA-C.C.P. art. 924 and art. 927 were waived. We might point out that were we to reach a different result, we would have nothing before us, and the matter then would have to be remanded. Upon remand, defendant could then file a plea of prescription at any time prior to submission of the case for a decision as provided for in LSA-C.C.P. art. 928.[2] If we do not consider the plea of prescription at this time, the result would be only to prolong the litigation. Under the circumstances, we conclude that the plea of prescription is properly before us.
Now turning to the central issue, i. e., is this a suit in tort which prescribes in one year or in contract which prescribes in 10 years?
The petition is styled "Petition in Contract." For our purpose, the pertinent part *867 of the petition is contained in paragraph 4 which reads as follows:
"Between May 29, 1967 and September 11, 1967 defendant committed a bad faith breach of his contract of employment with Sooner Pipe & Supply Company and the special duty of trust placed in him by his employer by falsifying certain company documents and misuse of company credit cards which was personlly beneficial to him financially and caused the company a $2,000 loss."
Although a petition may be captioned as one in contract, this designation does not necessarily determine the nature of the demand. The content of the petition including the allegations and prayer must be considered when determining the cause of action. See Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957). Furthermore, an allegation that an employee's action constituted a breach of his contract of employment when the facts contained in the petition allege a wrongful conversion growing out of a relationship initially created by contract does not necessarily state a cause of action in contract.
In Sizeler v. Employers' Liability Assurance Corp., 102 So.2d 326 (La.App.Orl. 1958), the same question was posed as presented in the instant case. In Sizeler, the plaintiff's hand was injured by a fellow passenger who closed a door on it, while plaintiff was alighting from the defendant's insured's limousine. The plaintiff sued after a year had expired from the date of the accident basing his action on the contract of carriage existing between him and the defendant's insured. In rejecting the plaintiff's claim that his action was in contract, the court held:
"There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject."
In the instant case, while the initial relationship of employer-employee may have been in the nature of contract, the cause of action is based on wrongful conversion which sounds in tort.
In an analogous situation, the court in Standard Acc. Ins. Co. v. Fell, 2 So.2d 519 (La.App. 2nd Cir. 1941) held that a ten year prescriptive period in contract was applicable. However, in that case, the insurance company's action was based upon a surety contract or bond between the surety and the defendant-employee. That court differentiated the bonding company's cause of action from that which the employer had against the employee, which, the court said, was clearly in tort. The action in contract in Fell was based on privity of contract between the surety company and the employee. No such privity exists in our case.
Under the rationale of Standard Acc. Ins. Co. v. Fell, supra, an employer's action against an employee for wrongful conversion is in tort. It reasonably follows when a suit is brought in subrogation, those rights acquired by the insurer which are substituted for the employer's claim can be no more or no less than those acquired by the originally wronged party, i. e., the employer. Great American Indemnity Co. v. Laird, 73 So.2d 6 (La.App. 2nd Cir. 1954); Motors Ins. Corp. v. Employers' Liability Assur. Corp., 52 So.2d 311 (La. App. 3rd Cir. 1951).
We conclude that since the employer's action against the employee for wrongful conversion is in tort, any right of subrogation in a suit for recovery of the monetary loss resulting from the wrongful conversion is also in tort and prescribes in one year. The judgment is affirmed.
Affirmed.
NOTES
[1] LSA-C.C.P. art. 924 reads as follows:

"All exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought."
and LSA-C.C.P. art. 927 reads as follows:
"The objections which may be raised through the peremptory exception include, but are not limited to, the following: "(1) Prescription; "(2) Res judicata; "(3) Nonjoinder of an indispensable party; "(4) No cause of action; and "(5) No right of action, or no interest in the plaintiff to institute the suit.
"The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion."
[2] LSA-C.C.P. art. 928 reads as follows:

"The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
"The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision."