SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit against Texas International Airlines, Inc. to recover $15,000 for personal injuries and medical expenses. They allege that on January 26, 1971 Mrs. Bean, a fare paying passenger, fell while boarding an airplane operated by the defendant and that the damages sought resulted from that fall. They further allege the accident was caused by various enumerated acts of negligence on the part of the defendant. Suit was filed on December 26, 1972, one year and eleven months after the alleged accident.
*554 Based on the theory that the accident was one in tort which prescribed in one year under LSA-C.C. Art. 3536, the defendant airline filed an exception of prescription to the petition. The exception was maintained and plaintiffs have appealed.
Plaintiffs argue the accident is governed by the contract of carriage between them and the defendant, thus making the prescriptive period ten years pursuant to LSA-C.C. Art. 3544. Thus, the only question presented is whether the action in suit is a quasi offense which prescribes in one year under LSA-C.C. Art. 3536 or one which arises in contract and prescribes in ten years under LSA-C.C. Art. 3544.
Our conclusion is that the injury is the result of a quasi offense and prescribes in one year. The law requires the common carrier to transport in a safe manner those who offer themselves as fare paying passengers. However, our jurisprudence consistently has recognized that an action against a common carrier for failure to carry a passenger without physical harm is a tort or quasi offense which prescribes if suit is not brought thereon within one year of the accident.[1] The contract of carriage between the plaintiffs and the defendant merely determines the duty owed by the defendant and does not change the nature of the cause of action or the prescriptive period applicable thereto.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Stephenson v. New Orleans Ry. & Light Co., 165 La. 132, 115 So. 412; Warner v. New Orleans & C. R. Co., 104 La. 536, 29 So. 226; Sizeler v. Employers’ Liability Assurance Corp., La., 102 So.2d 326.

. See Sizeler v. Employers’ Liability Assurance Corporation, supra, footnote 1.