REDMANN, Judge
(dissenting in part).
Does an airline by its contract with a fare-paying passenger have a contractual obligation to provide safe boarding equipment for the passenger to board the plane? Tf so, plaintiffs have alleged a breach of contract by defendant airline. Plaintiffs have also alleged damages from the breach — medical expenses and pain and suffering.
A ruling that tort actions are prescribed by one year does not explain why plaintiffs’ claim for damages for breach of contract is being dismissed.
Nor does it explain why damages during paid transportation is breach of contract if one’s furniture is damaged, but not breach of contract if one’s body is damaged.
In my opinion the majority’s result is correct as to general damages and incorrect as to medical expenses.
I agree that general damages for personal injury are not recoverable as damages from ordinary breach of a contract because C.C. art. 1934 ordinarily limits contract-breach damages (in part) to “the amount of the loss . . . sustained . ” See Greenburg v. Fourroux, La.App.1974, 300 So.2d 641. (Jiles v. Venus Community Center B.M.A. Ass’n, 1939, 191 La. 803, 186 So. 342, which awarded damages for mental anguish on a theory of breach of contract, can be distinguished as a case of tort as well as of breach of contract.)
But medical costs are an “amount” of loss, a reduction of plaintiff’s patrimony,[1] sustained from defendant’s breach of its contract to provide safe passage.
No medical costs were sought in Stephenson v. New Orleans Ry. & L. Co., 1927, 165 La. 132, 115 So. 412, which was a wrongful death action by the passenger’s survivors for their own loss. Warner v. New Orleans & C. R. Co., 1901, 104 La. 536, 29 So. 226, describing itself as an “action in damages,” similarly did not inquire whether medical expenses were recoverable *555 in contract. In Sizeler v. Employers Liab. Assur. Corp., La.App.1958, 102 So.2d 326, writ refused, a claim including medical expense was presented on a theory of contract against an auto repairman who, as an accommodation, provided his customers transportation to the business district. Luring transportation plaintiff wife was injured. We rejected the entire claim (including medical) as prescribed by tort prescription. In my opinion we should declare Sizeler inapplicable to common carriers’ contracts of passage (or else overrule it), in respect to actual pecuniary losses like medical costs.

. See Litvinoff, Louisiana Civil Law Treatise, Obligations, § 44, at p. 61.