346 So.2d 762 (1977)
AETNA LIFE AND CASUALTY COMPANY
v.
Marie DOTSON.
No. 11241.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
*763 J. Byron Stringer, Ray C. Dawson, Baton Rouge, for plaintiff Aetna Life and Casualty, appellant.
Frank J. Gremillion, Baton Rouge, for defendant, Marie Dotson, appellee.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
This is an appeal from a judgment of the trial court maintaining an exception of prescription filed by the defendant-appellee, Marie Dotson. We affirm.
The issue presented on appeal is whether the cause of action asserted by the plaintiff is one in tort which prescribes in one year or one in quasi-contract which prescribes in ten years.
The allegations of fact presented in plaintiff's petition and clarified by the answers to interrogatories indicate that while Marie Dotson was employed by Alloy Supply and Valve Company, Inc. (Alloy), as a bookkeeper, through various fraudulent schemes beginning January 19, 1973, and ending November 25, 1974, she embezzled $20,716.77. The theft of her employer's money was allegedly accomplished either by negotiating unauthorized checks with her own endorsement, by drafting and cashing checks based on fictitious purchase vouchers, or by forging the signatures of other employees on the checks and cashing them. Alloy discovered the embezzlement on December 2, 1974.
Under a policy of insurance issued by the plaintiff-appellant, Aetna Life and Casualty Company (Aetna), to Alloy to insure against monetary losses incurred by the employer due to fraud or infidelity of its employees, Aetna paid Alloy $10,000, thereby becoming subrogated to Alloy's rights against the defendant. Aetna filed suit on December 12, 1975, praying for "restitution of Ten Thousand Dollars ($10,000.00) as part of the money defendant wrongfully received * * *."
The appellant contends the facts in question give rise to concurrent causes of action, one delictual, the other quasi-contractual. The appellant claims to have elected to assert the quasi-contractual action and to have waived the delictual action by setting forth in its petition a cause of action arising under a quasi-contract, thereby making the ten-year prescriptive period of Louisiana Civil Code Article 3544 applicable. Appellant cites several cases to support its position. Dantagnan v. I.L.A. Local 1418, AFL-CIO, 496 F.2d 400 (5th Cir. 1974); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); Kramer v. Freeman, 198 La. 244, 3 So.2d 609 (1941); State ex rel. Guste v. Estate of Himbert, 327 So.2d 698 (La.App. 1st Cir. 1976); Schouest v. Texas Crude Oil Company, 141 So.2d 155 (La.App. 1st Cir. 1962); Devoe & Raynolds Company, Inc. v. Robinson, 109 So.2d 226 (La.App. Orl.Cir. 1959). While some of these cases can be distinguished, others appear to be authoritative.
It is conceded that facts forming the basis of a cause of action may afford a plaintiff concurrent remedies (contractual/quasi-contractual *764 or delictual/quasi-delictual). See Schouest v. Texas Crude Oil Company, supra; "Prescription, Classification and Concurrence of Obligations," 36 Tulane L.Rev. 556 (1962). Our jurisprudence has evidently established that if the plaintiff chooses to seek recovery under one remedy, he, in effect, waives his cause of action for the other. Schouest v. Texas Crude Oil Company, supra, and cases cited therein.
The allegations and prayer of the petition determine the true nature of the action and the prescriptive period applicable. Schouest v. Texas Crude Oil Company, supra; American Insurance Company v. Hartford Accident & Indemnity Company, 198 So.2d 757 (La.App. 1st Cir. 1966).
By phrasing its prayer for relief in terms of "restitution" rather than in terms of a prayer for damages, plaintiff seeks to classify its action as one arising out of a breach of a quasi-contractual obligation rather than a delictual obligation.
The concept of quasi-contracts is established in Title V, Chapter 1, of the Louisiana Civil Code. The general provisions applicable to all quasi-contractual obligations provide:
Civil Code Article 2293:
"Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties." (Emphasis added)
Civil Code Article 2294:
"All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. But there are two principal kinds which give rise to them, to wit: The transaction of another's business, and the payment of a thing not due."
Louisiana Civil Code Article 2301, appearing under § 3, titled "Of the Payment of a Thing Not Due" provides:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
This article read alone appears to be applicable to the facts and prayer in the plaintiff's petition. However, this article must be read in pari materia with Articles 2293 and 2294. Article 2293 makes it clear that any act giving rise to a quasi-contractual obligation must be "lawful." Moreover, in Article 2301 the word "receives" connotes a passive acquisition of a thing by means of the act of another in giving the thing. Thus, the article would not appear applicable to a situation where a person actively and unlawfully takes a thing to which he is not entitled.
In the case in point, the act allegedly giving rise to the quasi-contractual obligation to restore the money wrongfully taken, was the alleged act of theft or embezzlement by the defendant. This act was clearly unlawful. Louisiana Criminal Code, Article 67.
In the City of New Orleans v. Southern Bank, 31 La.Ann. 560 (1879), when the city treasurer wrongfully converted city bonds to his own benefit, the Court held any action based on this act to be delictual and not founded on a quasi-contract. The Court made the following distinction which we think is pertinent herein:
"* * * This latter [quasi-contract] is the lawful and purely voluntary act of one from which there results any obligation whatever to a third person. Civil Code, art. 2272 new no. 2293.
* * * * * *
"The characteristic therefore of offence or quasi-offence is that the act, from which the obligation arises, is unlawful. The marked distinction then between a quasi-contract, and an offence or quasi-offence is, that the act which gives rise to a quasi-contract is a lawful act and therefore is permitted; while the act which gives rise to an offence or quasi-offence is unlawful, and therefore is forbidden. * * *
* * * * * *
*765 "The distinction between damages ex delicto and ex contractu is, that the latter ensue from the breach of a special obligation, and the former from the violation of a general duty. * * *" (31 La.Ann. at 566, 567)
The two principal kinds of acts giving rise to quasi-contractual obligations enumerated in Article 2293 are not exclusive, as that article indicates. In Minyard v. Curtis Products, Inc., supra, the Court established the theory of a quasi-contractual obligation, independent of any explicit provision of the Civil Code, founded upon an unjust enrichment. This action has precedent in other civil law jurisdictions in the actio de in rem verso. The prerequisites to such an action based on an unjust enrichment, as stated in Minyard v. Curtis Products, Inc., are:
"* * * (1) [T]here must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of `justification' or `cause' for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature. * * *
* * * * * *
"* * * The fifth requirement, that there be no other remedy available at law, is simply an aspect of the principle that the action must not be allowed to defeat the purpose of a rule of law directed to the matter at issue. It must not, in the language of some writers, `perpetrate a fraud on the law.' Article 21 of the Louisiana Civil Code prohibits a reference to principles of equity in cases which would allow application of more specific legal action." (205 So.2d at 432, 433)
The remedy provided by Article 2315 specifically applies to the case in point. In this case any remedy provided by an action de in rem verso would be identical in substance and relief to an action in tort. See generally, Nicholas, "Unjustified Enrichment in the Civil Law and Louisiana Law," 36 Tulane L.Rev. 605, 639-641 (1962). Therefore, the fifth requirement for such an action is absent in this case. Moreover, the general provision of Article 2293 that the act giving rise to the quasi-contractual obligation must be lawful would also apply to any action based on unjust enrichment.
Therefore, for the reasons assigned, we conclude that an employer's action (and the action of one subrogated to the employer's rights) against an employee for embezzlement is in tort and prescribes in one year. Louisiana Civil Code, Article 3536. See Northern Assurance Company of America v. Waguespack, 304 So.2d 865 (La.App. 4th Cir. 1974). The judgment of the trial court is affirmed, at the appellant's cost.
AFFIRMED.