376 So.2d 1030 (1979)
Richard HENLEY, (Plaintiff-Appellant),
v.
Edward Earl HAYNES, (Defendant-Appellee).
No. 12777.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
*1031 Teddy W. Airhart, Jr., Airhart & Copenhaver, Baton Rouge, for plaintiff-appellant.
Leslie D. Ligon, Jr., Ligon & Ware, Clinton, for defendant-appellee.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is an appeal by plaintiff from a judgment sustaining an exception of prescription and dismissing his suit.
The pleadings and brief record point out that plaintiff, Richard Henley, and defendant, Edward Earl Haynes, entered into a partnership on October 14, 1974, for the purpose of purchasing logs and manufacturing timber. Plaintiff alleges that after the partnership was formed the defendant committed certain acts which were a breach of his fiduciary duty to the partnership and to plaintiff, and caused plaintiff and the partnership to suffer damages. The petition prays that defendant be ordered to account and pay to plaintiff and the partnership all monies, properties, effects and assets of the partnership which were wasted, squandered and misappropriated, and that damages suffered be determined and awarded to plaintiff and the partnership.
To the petition defendant filed a peremptory exception of prescription of one year arguing that the suit was in tort rather than in contract. The trial judge in written reasons for judgment relied on Aetna Life and Casualty Company v. Dotson, 346 So.2d 762 (La.App. 1st Cir. 1977), writ denied 349 So.2d 1272 (La.1977) in sustaining the exception.
In Aetna Life and Casualty Company v. Dotson, supra, a similar question of whether the one year or ten year prescriptive period applied was presented to this court for determination. There the defendant, an employee-bookkeeper, embezzled money from his employer. The bonding company paid the employer under its policy, and filed suit against the employee more than one year but less than ten years after discovery of the theft. Plaintiff argued that the facts gave rise to two causes of action, one delictual and the other quasi-contractual, and that it had elected the quasi-contractual action in bringing suit, thus the ten year prescriptive period of La.C.C. art. 3544 applied. This court reasoned that a quasi-contractual relationship could not result from an unlawful act.
The facts, however, as presented in the instant case are that of a partnership and the relationship and duties of the partners to each other. "The relation of partnership is fiduciary in character, and imposes on the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs, of acting for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." 68 C.J.S. Partnership § 76.
We conclude that this suit is one based on the contract of partnership and the obligation of partners to each other, and not on a tort as in Aetna. Thus, the prescriptive period of ten years provided by La.C.C. art. 3544 is applicable.
*1032 Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings at defendant-appellee's costs.
REVERSED AND REMANDED.