United States Court of Appeals,

Fifth Circuit.

No. 92-3930

Summary Calendar.

FIRST NATIONAL BANK OF COMMERCE, Plaintiff,

v.

Daniel de Pradel de LAMAZE, Defendant.

Daniel de Pradel de LAMAZE, Counter Claimant-Appellee,

v.

Louis V. de la VERGNE, Counter Defendant-Appellant.

Nov. 29, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, JONES and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Louis de la Vergne appeals denial of his post-judgment motions to set aside a jury verdict in favor of his former business partner, Daniel de Lamaze. We affirm.

*Background*

Lamaze, a resident of France, agreed to invest in New Orleans real estate with his friend, Vergne. They purchased a property on Esplanade Avenue. Each was to contribute $50,000 towards the purchase price; Lamaze, however, advanced Vergne's share because the latter lacked the necessary funds. It was agreed that Vergne would oversee the rehabilitation and rental of the property. This task apparently proved to be more formidable and costly than was foreseen. Additional funds were borrowed from financial institutions, including First National Bank of Commerce (FNBC). Lamaze advanced another $135,000 through Arcuda, Inc., a corporation which he had established for such purposes, and gave his personal guaranty on the FNBC loan.

When the loan became delinquent, FNBC initiated foreclosure proceedings and sued Lamaze on the guaranty. Lamaze counterclaimed against Vergne, seeking, inter alia, an accounting and

damages for breach of fiduciary duties. The property was sold and the proceeds were used to settle with FNBC. The personal claims against Lamaze were withdrawn. Lamaze tried his counterclaim against Vergne to a jury and recovered the original $50,000 loan (the sum advanced on the purchase price) and $73,600 in damages for breach of obligation. Vergne timely appealed the denial of his motion for judgment as a matter of law or a new trial.

*Analysis*

Vergne assigns two points of error. He maintains that Lamaze's claim for repayment of the $50,000 loan has prescribed and that Lamaze is not entitled to those funds advanced through Arcuda, Inc., a separate legal entity. Neither contention has merit.

After receipt of the $100,000 from Lamaze in November 1981, Vergne executed a promissory note in the amount of $50,000. The note declares that it is payable upon either the sale of the Esplanade property or the refinancing thereof with a first mortgage of $100,000 or more. Lamaze, however, testified that he advanced Vergne's share of the purchase price with the understanding that he would be repaid within two or three months. The jury believed Lamaze and found that the loan became due in April 1982. Seizing on this finding, Vergne insists that Lamaze's November 1990 suit on the loan is time-barred by the five-year prescriptive period for promissory notes set forth in Louisiana Civil Code article 3498.[1] This argument misapprehends the law.

That Vergne's note may have prescribed before Lamaze filed his claim did not affect the underlying obligation. The debt to Lamaze was not extinguished by the note.[2] As the Louisiana Supreme Court recently explained, a note or check acknowledging a debt will be deemed an implicit novation of the original obligation and the original prescriptive period will be replaced with the limitations period for notes and checks only if "this interpretation is favorable to the creditor."[3] When it is not, as here, the original prescriptive period prevails. "Thus, the appropriate prescriptive period

---

[1]This prescriptive period was extended to six years effective July 1, 1993.

[2]*See, e.g., Succession of Agamy v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 487 So.2d 579 (La.App.1986); *Mid-State Homes, Inc. v. Davis,* 250 So.2d 836 (La.App.1971).

[3]*Louisiana Health Service and Indemnity Co. v. McNamara,* 561 So.2d 712, 719 (La.1990) (emphasis added).

following an acknowledgment is the longer of either the original prescriptive period or that applicable to a substituted obligation."[4] The longer period in the case at bar is that applicable to the original debt in the posture established.

A loan between parties dealing at arm's length in a mercantile context is subject to a three-year prescriptive period.[5] A loan from one partner to another for partnership purposes, however, is governed by the 10-year prescriptive period for personal actions provided by Civil Code article 3499.[6] Partners deal with each other in an ongoing relationship. They routinely document and retain records of their dealings during the life of the partnership and accomplish settlement thereafter. These continuing circumstances warrant the allowance of more time for the assertion of claims arising from the partnership relationship than ordinarily would be accorded claims on debts arising in the course of transient commercial encounters.[7] Therefore, even if prescription began to run in April 1982, the date which the jury found that the loan became due,[8] Lamaze's 1990 claim was timely asserted.

Vergne's second objection is equally unavailing.[9] The $73,600 award represented damages for breach of fiduciary duty. Vergne owed that duty to the partnership and to Lamaze, his partner, not to Arcuda.[10] Lamaze therefore was the proper plaintiff. The funds that Lamaze tranferred

---

[4]*Id.*

[5]La.Civ.Code article 3494; *Reddick v. White,* 46 La.Ann. 1198, 15 So. 487 (La.1894).

[6]*Reddick; see also Broussard v. Crochet, Broussard & Co.,* 477 So.2d 166 (La.App.1985); *Henley v. Haynes,* 376 So.2d 1030 (La.App.) (suits based on the contract of partnership and the obligations of partners to each other are subject to a 10-year prescriptive period), *writ denied,* 377 So.2d 843 (La.1979).

[7]*Cf. Jones v. Butler,* 346 So.2d 790, 792 (La.App.1977) (short prescriptive periods contemplate transactions that are oral and cover "the general broad spectrum of everyday encounters").

[8]We need not and therefore do not consider the interruption of prescription occasioned by the promissory note nor the possibility that Lamaze's cause of action, insofar as it was a demand for an accounting, did not accrue until termination of the partnership. *See Whalen v. Carter,* 954 F.2d 1087 (5th Cir.1992).

[9]Lamaze maintains that Vergne did not raise this issue below. We find that he did so in briefing the post-judgment motion.

[10]La.Civ.Code article 2809; *Dupuis v. Becnel Co.,* 535 So.2d 375 (La.1988); *Whalen.*

through Arcuda resulted in damages that he incurred by virtue of the breach,[11] but the claim was not for return of the funds *per se;* it was for his monetary loss. The fact that his monies were transferred through Arcuda is of no significance in the factual setting of this case.

AFFIRMED.

---

[11]The evidence that Lamaze was the sole owner of Arcuda and was the sole source of the funds funnelled through the corporation is uncontradicted.