589 So.2d 517 (1991)
Loretta Bruce DOUCET
v.
LAFOURCHE PARISH FIRE PROTECTION DISTRICT NO. 3 and Louisiana State Fire Marshal.
No. CA 90 0802.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*518 George W. Byrne, Jr., Ungar & Wheelahan, New Orleans, for plaintiff-appellant Loretta Doucet.
Michael H. Martin, Thibodaux, for defendant-appellee.
John F. Pugh, Jr., Pugh, Lanier & Pugh, Thibodaux, for defendant-appellee.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
Plaintiff, Loretta Bruce Doucet, filed a petition for damages caused by misrepresentations made by defendants on which the plaintiff relied. Ms. Doucet alleged that the defendants, Lafourche Parish Fire *519 Protection District No. 3 and the Louisiana State Fire Marshal, misrepresented the coverage provided by the insurance plan made available to the volunteer firemen of Fire Protection District No. 3 through the defendants. The defendants allegedly led Ms. Doucet to believe that the policy covered death by heart attacks. Ms. Doucet stated in her petition that she and her husband, a volunteer fireman, relied on these misrepresentations and did not obtain additional insurance coverage. Ms. Doucet's husband suffered a myocardial infarction while fighting a fire and died on January 28, 1988. After his death, Ms. Doucet filed a claim with the insurance company that was subsequently denied based on a lack of coverage for death by heart attacks.
The defendants filed peremptory exceptions raising the objection of prescription. The trial court applied a one year prescriptive period for torts and sustained the exceptions. We reverse and remand.
Plaintiff, Ms. Doucet, argues that the suit is based on a quasi-contractual relationship and a ten year prescriptive period should apply. We find no merit in that argument. The petition does not allege facts supporting a suit for damages arising from a contract or quasi-contract. Plaintiff does not argue that the defendants failed to meet a contractual or statutory requirement, such as a failure to deliver a certificate of insurance or to supply a notice concerning policy requirements. Plaintiff alleged only that the defendants misrepresented the coverage for heart attacks. The petition does not allege with particularity facts or circumstances constituting fraud, and the claim appears to be one of negligent misrepresentation. A specific group or individual responsible for the misrepresentations is not named.
The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Aetna Life and Casualty Company v. Dotson, 346 So.2d 762, 764-65 (La.App. 1st Cir.), cert. denied, 349 So.2d 1272 (La. 1977). The alleged act from which Ms. Doucet claims the obligation for damages arises is an unlawful act and not a lawful act giving rise to damages based on contract or quasi-contract. See Aetna Life and Casualty Company v. Dotson, 346 So.2d at 764-65.
Misrepresentation, intentional or negligent, is a delict; an unlawful act covered under LSA-C.C. article 2315. "Delictual actions are subject to a liberative prescription of one year." LSA-C.C. art. 3492. Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable. Therefore, prescription does not commence until the plaintiff has actual or constructive notice of the tortious act, the resulting damage and the causal connection between the two. Zumo v. R.T. Vanderbilt Co., Inc., 527 So.2d 1074, 1077 (La.App. 1st Cir.1988).
In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations are accepted as true. State ex rel. Guste v. Thompson, 532 So.2d 524, 527 (La.App. 1st Cir.1988). The burden of proof is on the party pleading prescription. If the petition shows on its face that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Trainer v. Aycock Welding Co., 421 So.2d 416, 417 (La.App. 1st Cir.1982).
The petition does not show on its face that prescription has run. The only date provided is the date Ms. Doucet's husband died. The record contains no evidence of the dates of the alleged misrepresentations, the date plaintiff had actual or constructive notice of the problem, or the dates the insurance claim was filed and subsequently denied. Neither Ms. Doucet nor the defendants submitted evidence or offered the testimony of witnesses at the hearing on the exception.
On the record before us, it is impossible to determine if the prescriptive period has run. In the interest of justice, the appellate court can remand for proper consideration when the record is so incomplete that *520 the court is unable to pronounce definitively on the issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision. LSA-C.C.P. art. 2164; Genina Marine Services v. Arco Oil & Gas Co., 499 So.2d 257, 262 (La.App. 1st Cir.1986).
Accordingly, we reverse the trial court's holding that the action had prescribed and remand this case for further consideration consistent with this opinion. Costs are to await a final determination.
REVERSED AND REMANDED.
GONZALES, J., concurs and assigns reasons.
GONZALES, Judge, concurring.
The crux of plaintiff's argument is a claim for negligent misrepresentation. A cause of action for negligent misrepresentation under La.C.C. arts. 2315 and 2316 was recognized by the Louisiana Supreme Court in Devore v. Hobart Manufacturing Company, 367 So.2d 836 (La.1979). The elements necessary to constitute a cause of action for negligent misrepresentation are: 1) a legal duty to supply the correct information, 2) a breach of that duty, 3) which caused damage to plaintiff. Cypress Oilfield Contractors v. McGoldrick Oil Company, Inc., 525 So.2d 1157 (La.App. 3rd Cir.), writ denied, 530 So.2d 570 (La.1988); Hilliard v. Louisiana Health Service and Indemnity Company, 411 So.2d 1116 (La. App. 4th Cir.), writ denied, 416 So.2d 114 (La.1982); Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982), writ denied, 427 So.2d 870 (La.1983). Also, plaintiff must show damages as a result of his justifiable reliance on the defendant's misrepresentations. Busby v. Parish National Bank, 464 So.2d 374 (La.App. 1st Cir.) writ denied, 467 So.2d 1132 (La.1985); Guillory v. Gulf South Beverages, Inc., 506 So.2d 181 (La.App. 5th Cir.1987).[1]
This case may be prescribed on its face. The defendant has the burden of making a prima facie case of prescription; however, the defendant failed to bring out the date of plaintiff's knowledge in the record. The critical date on which plaintiff knew she was damaged is the day she knew the claim would not be honored. If the plaintiff wants to claim contra non valentem, or that prescription did not run until she had sufficient knowledge to bring her cause of action in a court of law, then the plaintiff has the burden of proving that she is entitled to the benefit of contra non valentem.
NOTES
[1] A fourth element, i.e., a pecuniary interest by the defendant in the transaction disseminating the misleading information, may also be required. Dousson v. South Central Bell, 429 So.2d 466 (La.App. 4th Cir.), writ not considered, 437 So.2d 1135 (La.1983).