FOIL, Judge.
This is an appeal from a judgment of the trial court sustaining the defendant’s peremptory exception raising the objection of no cause of action. We reverse.
Ronald Adams Contractor, Inc. filed this lawsuit seeking damages against the State of Louisiana, through the Department of Transportation and Development (DOTD), alleging that DOTD’s truck permit section negligently issued a permit to plaintiff to transport a load of heavy equipment over Louisiana highways. The State of Louisiana filed an exception of no cause of action on the basis that La.R.S. 32:387D, which immunizes the State from liability arising out of the use of a special permit, applied so as to bar plaintiff’s claims against the State. The trial court agreed and dismissed plaintiff’s suit. This appeal followed. The only issue for our review is whether La.R.S. 32:387D immunizes the State from liability for damages arising from the negligent issuance of a permit.
*1182 NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the petition. In assessing the validity of the exception, all well-pleaded allegations of fact are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La. 1992).
We turn to plaintiffs petition and accept as true the following allegations: plaintiff contracted with Martin Machinery to transport a drag line on pontoon from LaPlace, Louisiana to Westlake, Louisiana. Martin Machinery told plaintiff that the equipment was 14 feet in height, 17 feet, 10 inches long and 90 feet in length. Plaintiff contacted DOTD’s truck permit section to obtain a special permit to transport the load, giving a DOTD employee the dimensions furnished to it by Martin Machinery. The employee issued plaintiff a permit to transport the equipment, which listed all Louisiana highways over which the load could be transported.
On January 20, 1987, plaintiffs driver arrived in LaPlace to haul the equipment. He remeasured the load at that time and learned that the original measurements furnished to plaintiff were erroneous. The correct height of the load was 15 feet, 4 inches. Plaintiff then contacted DOTD’s truck permit section and informed the permit officer of the new dimensions. The employee instructed plaintiff that the new height was permissible on the same Louisiana highways covering the original permit and instructed plaintiff to reflect the change on its permit.
Plaintiff proceeded, with State escort, to transport the piece of equipment, strictly following the route issued and approved by DOTD. At approximately noon, while the driver was travelling on a highway approved in the permit, the drag line boom struck an underpass located at Louisiana Highway 14 and Louisiana Highway 90 in New Iberia, Louisiana.
Plaintiff’s suit seeks damages for loss of the contract along with indemnity for any amounts it may be liable to Martin Machinery for the damage to its equipment. Plaintiff premised liability of DOTD on negligence based on the failure of DOTD to furnish plaintiff with the proper route and permit information. The State filed an exception of no cause of action, alleging that under La.R.S. 32:387 D the State is not liable as a matter of law for the alleged negligent actions of DOTD.
La.R.S. 32:387 D states:
Neither the state nor the department shall incur any liability of any nature whatsoever to any permittee or any other person arising from the use of a special permit. Every special permit is issued upon the condition that the permittee accepts and uses it at his own risk, even though the directions and instructions of the secretary and particularly such instructions and requirements as those relating to routing, are faithfully complied with.
The State contends that plaintiff’s damages arose out of the “use” of the special permit and as such fall under the immunity provision. Also, the State contends, the permittee expressly accepts a permit and uses it at its own risk, thereby assuming any risks associated with the issuance of a special permit. Plaintiff, however, argues the immunity provision only exempts the State from liability arising out of the “use” of a special permit. Plaintiff’s cause of action does not arise from the “use” of the special permit, but from the negligent “issuance” of the permit by DOTD. Specifically, plaintiff insists that its damages arose from the negligence of DOTD in failing to give plaintiff the proper permit and route information. Plaintiff also argues that the purpose of the statute is to limit the State’s liability arising out of the negligence of the permittee or the negligence of a third party while using the special permit, not to exonerate the State from liability arising from its own negligence in researching and issuing the permit.
The rules of statutory construction require this court to determine the *1183 intent and purpose of the legislature in enacting the law and to give effect, if possible, to that intent and purpose. Backhus v. Transit Casualty Company, 549 So.2d 283 (La.1989). It is a well-settled premise of statutory construction that the words chosen by the legislature must be read in context and construed according to their common meaning. La.R.S. 1:3; Succession of Brown, 468 So.2d 794 (La.App. 1st Cir. 1985). Furthermore, because the statute at issue grants immunity to the State where the State would otherwise be liable, it is in derogation of common or natural rights and must be strictly interpreted. The statute may not be extended beyond its obvious meaning. See Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La.1990) (holding that recreational use statutes, which limit the duties of landowners, are in derogation of common or natural rights and must be strictly construed).
Applying these precepts of statutory construction, we conclude that the statute does not exempt the State from liability for its own negligence in researching and issuing a special permit. The statute, by its own terms, only exempts the State from liability arising out of the use of a special permit. One obvious purpose of this statute was to protect the State from being held liable to persons injured at the hands of a permit holder on the theory that the State had, by issuing the permit, given the permit holder the authority to act. The statute does not explicitly exempt the State from liability for damages caused by the negligent issuance of a permit. In light of the mandate that immunity statutes are to be strictly construed, we may not extend it to immunize the State from liability for damages caused from the negligent issuance of a permit.
CONCLUSION
Based on the foregoing, we hold that the trial court improperly dismissed plaintiffs suit on an exception of no cause of action. This case is remanded to the trial court for proceedings not inconsistent with this opinion. All costs of this appeal in the amount of $220.86 are assessed to the State of Louisiana, through DOTD.
REVERSED AND REMANDED.