|2FOIL, Judge.
This appeal challenges the action of the trial court in maintaining a peremptory exception raising the objection of prescription, thereby dismissing the lawsuit. We affirm.
BACKGROUND
On June 1, 1993, plaintiffs, the State of Louisiana and the Louisiana State Department of Education, filed this lawsuit against Carolyn Reeves Ferek, a teacher, seeking to recover money advanced to Mrs. Ferek pursuant to the Louisiana Educational Employees Professional Improvement Program (PIP). Plaintiffs alleged that although Mrs. Ferek received a salary supplement of $1,129.00 because she agreed to participate in the PIP program, she breached her obligations to comply with the program's reporting requirements, and therefore became liable to return the PIP payments she received, along with a five percent penalty for her default.
The record reflects that Mrs. Ferek was employed by the Orleans Parish School Board as a teacher during the 1981-1982 academic term. Mrs. Ferek applied for a PIP salary increase for the 1981-1982 school year, agreeing to satisfy a number of academic and in-service training requirements in exchange for the salary increment. Her request was approved by the Department of Education on April 24, 1981. Mrs. Ferek attested that she did receive a salary supplement as a result of her participation in the PIP program, and that all payments were received by her during the 1981-1982 school year, beginning in August of 1981 and concluding in June of 1982.
Mrs. Ferek filed a peremptory exception raising the objection of prescription, urging that the ten year prescriptive period of La. Civ.Code art. 3499, which governs personal actions, applies. Mrs. Ferek asserted that this suit is untimely because it was filed in June of 1993, more than ten years from the date on which she received her last PIP payment, in June of 1982.
Plaintiffs countered that the suit is timely because the thirty year prescriptive period provided for in La.R.S. 9:5701 applies. 13The trial court disagreed, however, finding that the claim was governed by the ten year prescriptive period, and consequently, this lawsuit, filed more than ten years from the date of the alleged default, is untimely. This appeal followed.
PRESCRIPTION
The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Doucet v. Lafourche Parish Fire Protection District No. 3, 589 So.2d 517, 519 (La.App. 1st Cir.1991). A review of plaintiffs’ petition discloses that plaintiffs are asserting a breach of contract claim. As a general rule, the ten year prescriptive period of La.Civ. Code art. 3499 applies to breach of contract claims. Sharpe v. Claiborne Enterprises, Inc., 461 So.2d 591, 592 (La.App. 1st Cir. 1984), writ denied, 464 So.2d 302 (La.1985). For the purpose of the present appeal, we assume that the ten year limitation of La.Civ. Code art. 3499, and not some shorter prescriptive period provided by statute, applies.
Plaintiffs contend that the thirty year prescriptive period provided for in La.R.S. 9:5701, which establishes a thirty year prescriptive period on debts due to a charitable or educational institution or fund, governs this suit. La.R.S. 9:5701 provides as follows:
Actions for debts due to any charitable or educational institution in the state or to any fund bequeathed for charitable or educational purposes are prescribed by thirty years, provided the debt is evidenced in writing.
*599 It is a well settled premise of statutory construction that the words chosen by the legislature must be read in context and construed according to their common meaning. Ronald Adams Contractor, Inc. v. State, Department of Transportation and Development, 619 So.2d 1180, 1183 (La.App. 1st Cir.), writ denied, 625 So.2d 178 (La.1993). Under the clear terms of La.R.S. 9:5701, in order for a debt to be governed by the thirty year prescriptive period contained therein, the debt must be evidenced in writing, and it must be due to one of the following: (1) a |4charitable institution; (2) an educational institution; or (3) a fund bequeathed for a charitable or educational purpose.
The Department urges that it is an “educational institution” to whom the debt at issue is due. Since there are no reported cases interpreting La.R.S. 9:5701, the Department relies on other statutory definitions of the term “educational institution” in support of its position. La.R.S. 47:37, dealing with tax credits for contributions, defines the term “educational institution” to include “any public elementary and secondary, vocational-technical, or higher educational facility, private, or parochial institutions, community colleges, special schools, museums, or any public library in the state of Louisiana.” La.R.S. 47:37 B(3).[1]
We note that other statutes also define the term “educational institution.” The Louisiana Athletic Trainer’s Law, La.R.S. 37:3301, et seq., defines that term to include “a university, college, junior college, high school, junior high school, or grammar school, whether public or private.” La.R.S. 37:3302(5). The Civil Rights Act for Handicapped Persons, La.R.S. 46:2253(10), defines “educational institution” to mean “a public or private institution and includes an academy, college, university, elementary or secondary school, extension course, kindergarten, day care center, school system, or school district, and a business, nursing, professional, secretarial, technical, trade or vocational school, and includes an agent of an educational institution ...” Additionally, La.R.S. 51:211 I, dealing with trade marks and trade names, specifies that an “educational institution” is “any institution licensed, approved, or funded by the state to perform educational services.”
The Department urges that given the definition of the term “educational institution” in other provisions of the law, it “appears” that the Department of Education should also be |5considered an “educational institution” entitled to invoke the thirty year prescriptive period of La.R.S. 9:5701. However, we disagree. It is obvious that the legislature considered the term “educational institution” to mean a facility which actually provides individuals with some type of educational instruction (whether it be academic or job training) or a facility which houses educational or historical materials (such as a public library or museum). Simply put, an “educational institution” as defined by the legislature and as that term is ordinarily understood, is a place of learning, where individuals gather to receive some form of educational instruction.
The Department of Education is not a place of learning; it is not a facility which provides individuals with educational instruction. Rather, the Department is a regulatory administrative agency that is part of the executive branch of government, and is in charge of administering the various offices within the Department of Education. See La.R.S. 36:641 et seq. As an administrative regulatory agency, the Department of Education is not an “educational institution.”
Plaintiffs also urge that Mrs. Ferek was compensated from a fund “bequeathed” for educational purposes, and therefore, the thirty year prescriptive period is applicable. Again, we must disagree. The term “bequeathed” is commonly understood as an act by which an individual gives property to another through a will. Black’s Law Dictionary, 145 (5th ed. 1979). The PIP program is funded with monies specifically appropriat *600 ed by the Louisiana Legislature. La.R.S. 17:3661. A legislative appropriation clearly is not a “bequest” as that term is ordinarily understood.
Because the thirty year prescriptive period does not apply to this lawsuit, the ten year prescriptive period of La.Civ.Code art. 3499 controls. Consequently, this lawsuit, filed outside the ten year limitation contained therein, is untimely, and the trial court correctly maintained the prescription objection.
| (¡CONCLUSION
Based on the foregoing, the judgment of the trial court maintaining the exception of prescription is hereby affirmed. Plaintiffs are to bear all costs of this appeal, in the amount of $243.57.
AFFIRMED.

. The Louisiana Corporation Income Tax Act, La.R.S. 47:287.755 B(3), contains a similar definition. Another section of the income tax law limits the term to include "only an educational institution which normally maintains a regular faculty and curriculum and normally has a regularly organized body of students in attendance at the place where its educational activities are carried on." La.R.S. 47:79 B(4)(b).