|2LeBLANC, Judge.
The State of Louisiana, Department of Public Safety (DPS), defendant-appellant, appeals from a judgment ordering DPS to issue restricted driving privileges to Lawrence J. Guitreau, plaintiff-appellee. We affirm.
On February 24, 1994, plaintiff filed a petition seeking judicial review of the administrative suspension of his driver’s license, which was to begin February 25, 1994. Plaintiff sought a reversal of the suspension or, in the alternative, “hardship driving privileges”. After due notice to both parties,[1] the *29 matter came for hearing on April 11, 1994. Both the judgment of the trial court and the minute entry indicate DPS made no appearance at the hearing. Following the hearing, the judgment of the trial court evidently found merit to the suspension, but granted restrictive driving privileges to Mr. Guitreau permitting him:
... to drive to and from his home and place of employment, while he is in the course or scope of his employment (Mr. Guitreau is employed as a truck driver), and for the purpose of securing the necessities he needs for his family.
The record does not contain a transcript of testimony, though the judgment recites the court “heard the testimony of the plaintiff, argument of counsel, reviewed the pleadings and considered the law and evidence”.
On appeal, DPS contends that the judgment grants plaintiff a restricted license to operate a commercial vehicle, which is prohibited by La.R.S. 32:414.2 A(1)(b).
When a person invokes the right to a hearing to review a suspension of driving privileges, it is incumbent on DPS to prove by competent evidence the facts on which the suspension is based. Fontenot v. Dept. of Public Safety & Corr., 625 So.2d 1122, 1123 (La.App. 1st Cir.1993). In the present ease, with no evidence offered by DPS, the trial judge evidently concluded he had before him sufficient evidence to |3determine that Mr. Guitreau’s license should be suspended; however, Mr. Guitreau was permitted restrictive driving privileges.[2]
The judgment of a trial court is entitled to a presumption of correctness where the record contains no transcript of evidence or a narrative of the facts pursuant to La. C.C.P. art. 2131. Ledford v. Pipes, 507 So.2d 9, 11 (La.App. 2nd Cir.1987). In this ease, the tidal court having stated that the court “heard the testimony of the plaintiff, argument of counsel, reviewed the pleadings and considered the law and evidence being in favor of the plaintiff”, it must be presumed that the court heard sufficient evidence to support the judgment rendered. Harvey v. McMinn, 238 So.2d 772 (La.App. 1st Cir. 1970).
DPS asserts in its brief that Mr. Guitreau possesses a Class “A” commercial driver’s license. Citing La.R.S. 32:414.2 A(l)(b), DPS argues there is no provision in the law for the issuance of restricted driving privileges to the possessor of a Class “A” commercial driver’s license; that there is a clear prohibition.[3] Therefore, DPS argues the court erred in ordering Mr. Guitreau be issued restricted driving privileges. However, the record does not support this assertion. The record contains no evidence concerning the class of license issued to Mr. Guitreau. The pleadings and the judgment simply identify the number of the driver’s license issued to Mr. Guitreau. This argument has no merit.
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal, in the amount of $203.50, are to be paid by defendant, Department of Public Safety.
AFFIRMED.

. The tried court found DPS was properly served, as evidenced by, the following language contained in the judgment:
*29 [N]o appearance was made by or on behalf of the LOUISIANA DEPARTMENT OF PUBLIC SAFETY, which agency was properly served, as determined by the Court.

. The review before the trial court is by trial de novo. See La.R.S. 32:414; La.R.S. 32:668; Flynn v. Dept. of Public Safety & Corr., 608 So.2d 994 (La. 1992).

. La.R.S. 32:414.2 A(l)(b) provides, in pertinent part:
There shall be no economic hardship license to operate a commercial motor vehicle; however, an economic hardship license may be granted to operate a Group "E" "Personal Use Motor Vehicle” or a Group “D” license provided the applicant for an economic hardship license is otherwise eligible for such license.