679 So.2d 509 (1996)
COMMERCIAL COLLEGE OF SHREVEPORT, Plaintiff-Appellant,
v.
Peggy P. WILLIAMS, Defendant-Appellee.
No. 28546-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
Betty L. Marak, Shreveport, for Appellant.
Nelson, Hammons & Self, John L. Hammons, Shreveport, for Appellee.
Before MARVIN, SEXTON and STEWART, JJ.
STEWART, Judge.
This is a claim filed by the former Commercial College of Shreveport (Commercial) on a promissory note granted to the defendant, Peggy P. Williams (Williams) by Commercial College. The defendant filed a peremptory exception of prescription. The trial court sustained the exception, and dismissed appellant Commercial's suit to collect on the *510 promissory note. Commercial appeals the trial court's ruling. For the reasons, we vacate the judgment and remand the matter for a ruling on the merits.

FACTS
On May 16, 1995, Commercial sued Williams to collect $2,500.00 and 5% interest from August 1990 to the date of judicial demand, and legal interest from that date until paid in full. Attached to the petition was the note dated March 3, 1988, which was payable in monthly installments of $30.00. The note contained an acceleration clause that the failure to pay any installment immediately matured the note granting attorney and collection fees. A second attachment to the petition, exhibit B, was a calculation of the principal $2,500.00, interest $797.06, and collection fees $850.62, for a total of $4,147.68.
Williams responded with an exception of prescription relying upon LSA-C.C. art. 3498 that provides that liberative prescription on instruments is five years running from the day the payment is exigible. The defendant asserted that payment was to begin nine months after the debtor ceased to be at least a half-time student at an institution of higher learning. According to Williams, she stopped attending Commercial in the fall of 1988, and began working full time March 1, 1989. She never received any demands for payment, until they served her with this suit. As of May 9, 1988, the defendant has made no payment or acknowledgment of the debt.
On September 9, 1995, the trial court held a hearing on the exception. Williams' identification card from Commercial was the sole item filed into evidence. The trial court filed its opinion on October 10, 1995, sustaining the exception of prescription, and dismissing the plaintiff's suit. The judgment was signed on November 7, 1995. This appeal followed.

DISCUSSION
In its brief Commercial admits that Williams last attended Commercial College sometime in 1988. Payment on the note became exigible in 1989, and that promissory notes prescribe in five years under La.C.C. art. 3498. Furthermore, the plaintiff acknowledges that they failed to present any evidence at the hearing on the exception. However, Commercial argues that the note is not controlled by the five-year liberative prescription of La.C.C. art. 3498, but the note is covered by the thirty-year prescriptive period of La.R.S. 9:5701 that states:
Actions for debts due to any charitable or educational institution in the state or to any fund bequeathed for charitable or educational purposes are prescribed by thirty years, provided the debt is evidenced in writing.
In State v. Ferek, 940383 (La.App. 1 Cir. 3/3/95) 652 So.2d 597, 599, the court discussed the statute and defined educational institution:
It is a well settled premise of statutory construction that the words chosen by the legislature must be read in context and construed according to their common meaning. Under the clear terms of La. R.S. 9:5701, in order for a debt to be governed by the thirty year prescriptive period contained therein, the debt must be evidenced in writing, and it must be due to one of the following: (1) a charitable institution; (2) an educational institution; or (3) a fund bequeathed for a charitable or educational purpose.... It is obvious that the legislature considered the term "educational institution" to mean a facility which actually provides individuals with some type of educational instruction (whether it be academic or job training) or a facility which houses educational or historical materials (such as a public library or museum). Simply put, an "educational institution" as defined by the legislature and as that term is ordinarily understood, is a place of learning, where individuals gather to receive some form of educational instruction (citations omitted).
In the exception of prescription, Williams stated she stopped attending school in the fall of 1988. At the rule to show cause, the defendant was the only person who testified. Williams attended Commercial between January and October 1988 but failed to complete her course. Commercial argues that *511 Williams' testimony and the ID card she placed into evidence, prove that Commercial is an educational institution.
The trial court relied upon Commercial's failure to offer evidence or testimony at the hearing. The trial court stated that the note itself could not be considered as it was not placed into evidence. Appellate courts render judgments based upon the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1 Cir.1991), writ denied, 584 So.2d 1169 (La.1991). La.C.C.P. art. 2164. The record on appeal includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings unless otherwise designated. La.C.C.P. art. 2127 and 2128. An appellate court does not review evidence that is not in the record and cannot receive new evidence. In Tranum, supra, memoranda and attachments filed in the trial court, but not placed into evidence, were not part of the appellate record.
Commercial filed a designation of record that designated minutes, all written motions, all written memoranda, trial court opinion, judgment, and the entire suit record. La.C.C.P. art. 2128 provides that, when no designation is made, the record on appeal will include a transcript of all proceedings. Commercial failed to designate the transcript, and this record does not contain either a transcript or a written narrative under La.C.C.P. art. 2131. A trial court judgment is entitled to a presumption of correctness where the record contains no transcript or a narrative of facts. Guitreau v. State, Dept. of Public Safety, 94-1191 (La.App. 1 Cir. 5/5/95), 656 So.2d 28.
The Louisiana Supreme Court has directed that a court should resolve doubts about a peremptory exception by overruling the exception and giving the litigant its day in court. Woodlawn Park Ltd. Partnership v. Doster Const. Co., Inc., 623 So.2d 645, (La.1993); Teachers' Retirement System of La. v. Louisiana State Employees Retirement System, 456 So.2d 594 (La.1984). Prescriptive statutes are strictly construed against prescription, and in favor of the obligation sought to be extinguished. With two possible constructions, the one that favors maintaining, as opposed to barring, an action should be adopted. Bustamento v. Tucker, 607 So.2d 532 (La.1992).
In its reasons for judgment the trial court observed that the pleadings lacked allegations concerning the status of Commercial College of Shreveport as related to the applicability of La.R.S. 9:5701, and whether Commercial was an educational institution.
However, as the appellant noted in its supplemental brief, the appellate court may take judicial notice of the federal regulations governing this promissory note. Louisiana Code of Evidence Article 202 governs such authority (A)(B)(1)(e) and (D), which provide that:
A. A court, whether requested to or not, shall take judicial notice of the laws of the United States, of every state....
B. Other legal matters. (1) A court shall take judicial notice of the following if a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without the request of a party of:
(e). Rules and decisions of boards, commission, and agencies of the United States or of any state, territory, or other jurisdiction of the United States which have been duly published and promulgated and which have the effect of law within their respective jurisdictions.
D. Time of taking Notice. Judicial notice of the foregoing legal matters may be taken at any stage of the proceedings, provided that before taking judicial notice of a matter in its instructions to the jury, the court shall inform the parties before closing arguments begin.
Therefore, this Court may take judicial notice that the Higher Education Act of 1965 provides the guideline for eligibility to receive funds under the loan program. A student must be enrolled in a degree, certificate or program, approved for credit, at an institution of higher education that is an eligible institution according to the provisions of the Act. 20 U.S.C.A. 1091(a)(1). To be an eligible institution for the purposes of the Higher Education Act, the institution must be an institution of higher education 20 U.S.C.A. *512 1094. The term "institution of higher education" is defined in 20 U.S.C.A. 1141(a) and 1088(a)(1)(A) and (B). Therefore, it is reasonable to conclude that Peggy Williams, in order to receive funds under the Perkins Loan Program had to be a student. The Act requires that she be enrolled in an educational institution that qualified under the terms of the Higher Education Act of 1965. She would not have received any disbursements under this program if she were not a student, and if the facility were not an approved educational institution.
As the defendant was a student at an educational institution within the definition of the federal government, as well as, the state of Louisiana, the appropriate prescription is referenced at LSA R.S. 9:5701 which provides:
§ 5701. Debts due charitable or educational institution or fund
Actions for debt due to any charitable or educational institution in the state or to any fund bequeathed for charitable or educational purposes are prescribed by thirty years provided the debt is evidenced in writing.
The note was attached to the original petition. As evidenced in writing required by the statute, the prescription for the note from the former Commercial College to the former student Peggy Williams is subject to a prescription of thirty years. The note was originated in the fall of 1988. Therefore, the thirty-year period has not run.

DECREE
The defendant's exception of prescription is dismissed, and the dismissal of Commercial's action is vacated and set aside. The matter is remanded to the trial court for a trial on the merits of the action. Cost for the appeal are assessed to the defendant.
JUDGMENT VACATED AND THE MATTER REMANDED FOR TRIAL UPON THE MERITS.