835 So.2d 602 (2002)
Stanley PERRET
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTION, OFFICE OF MOTOR VEHICLES
No. 2001-CA-2837.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
H. Thomas Murphy, New Orleans, Counsel for Plaintiff/Appellant Stanley Perret.
Richard P. Ieyoub, Attorney General, Leslie S. Levet, Asst. Attorney General, Baton Rouge, Counsel for Defendant/Appellee Louisiana Department of Public Safety and Correction.
Before: KUHN, DOWNING, and LANIER[1], JJ.
LANIER, J.
This is a suit cumulating an action in tort for damages and an action for injunction arising out of the denial of plaintiff's request to obtain a driver's license by the defendant, Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles (DPSC). This appeal is from a trial court's judgment sustaining defendant's peremptory exception raising the objection of prescription.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Stanley Perret, has been the holder of a valid Louisiana driver's license *603 since 1980 and has never provided the DPSC with his social security number. On January 29, 1996, plaintiff attempted to renew his driver's license and was requested to provide his social security number.[2] Plaintiff refused to provide his social security number asserting the requirement was an invasion of his privacy and violated his constitutional rights. Accordingly, the DPSC did not renew his driver's license. On February 8, 1996, plaintiff again attempted to renew his driver's license without providing his social security number and DPSC again refused to do so. Plaintiff allegedly filed suit on January 20, 1998, requesting declaratory and injunctive relief. That suit was dismissed without prejudice.[3]
Plaintiff subsequently filed this suit on September 6, 2000, alleging that defendant violated his constitutional rights and caused him damages by refusing to grant him a driver's license. Plaintiff also requested injunctive relief. DPSC filed a peremptory exception raising the objection of liberative prescription, alleging plaintiff's claims for damages and injunctive relief had prescribed on the face of his petition. The matter was assigned for a hearing and counsel for plaintiff and defendant submitted the matter on memoranda and waived their appearances. On October 10, 2001, judgment was rendered by the trial court in favor of defendant sustaining the peremptory exception raising the objection of prescription. Plaintiff filed this devolutive appeal on October 9, 2001.[4]

OBJECTION OF LIBERATIVE PRESCRIPTION

(Plaintiff's assignment of error no. 1)
Plaintiff asserts the trial court erred in granting defendant's peremptory exception raising the objection of liberative prescription.
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. If a plaintiff's claims are not prescribed on the face of the petition, the burden is on the party raising the objection to prove the facts to support the objection. Our Lady of the Lake Hosp. v. Vanner, 95-0754, p. 3 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 464; Tranum v. Hebert, 581 So.2d 1023, 1030 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991). Conversely, if a claim is prescribed on the face of the petition, the burden is on the plaintiff to show a suspension or interruption of the prescriptive period. Vanner, 95-0754, p. 3, 669 So.2d at 464; Hebert, 581 So.2d at 1030. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. See La. C.C.P. art. 931; Scott v. Sears, Roebuck and Co., 99-0571, p. 5 (La.App. 1 Cir. 12/22/00), 778 So.2d 50, 53. In the instant case, no evidence was introduced and plaintiff's petition alleges, in pertinent part:
II.
The Defendants have denied the Plaintiff the right to obtain an operator's *604 license due to the fact that the Plaintiff declined to provide the Defendants with the social security account number established for him.
III.
The Plaintiff would show that this unconstitutional act by the Defendants in the prevalent use of the social security account number by numerous state and private agencies, including but not limited to Louisiana, has resulted in a situation whereby the social security account numbers have been employed as universal identifiers, and anyone can become privy to the Plaintiff's information, location, and other facts which can be used against him, among other things, as a violation of his Fifth Amendment rights. As a result, the Plaintiff has been deprived of his civil rights.
. . . .
V.
The Plaintiff first attempted to renew his operator's license on January 29, 1996 at which time he was asked to furnish the social security account number established for him. The Plaintiff refused to furnish the social security account number ... on the grounds that it was an invasion of his privacy and constitutional rights, and, further, he had not been required to do so since 1980. The Defendants, Louisiana Office of Motor Vehicles, Department of Public Safety, refused to renew his license and referred the Plaintiff to Cheryl Gauthier, Motor Vehicles Supervisor.
VI.
The Plaintiff again attempted to renew his operator's license on February 8, 1996. The renewal was again refused because the Plaintiff failed to provide the social security account number established for him.
. . . .
VIII.
The Plaintiff originally filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Case Number 425880, Division "D" requesting declaratory judgment and injunctive relief. A hearing was held on this matter, and relief was denied, and trial set on the injunctions for January 20, 1998, which had been continued without date. This suit was eventually dismissed without prejudice.
. . . .
X.
Although Louisiana has passed a law subsequent to the Plaintiff filing suit in the Nineteenth Judicial Court, Louisiana, no longer requiring the Social Security number to be placed on the license, the State keeps in its possession the Social Security numbers and has acknowledged that this information is widely disseminated.
XI.
The Plaintiff later went to the Office of Motor Vehicles, Department of Public Safety, Louisiana, where, under the new law of Louisiana and United States law, he was supposed to have been provided with a copy of the Privacy Notice Act, and the lists of the uses to which the social security account number established for him would be put. However, the Office of Motor Vehicles, not obeying the United States law, did not give him either the privacy act notices required by law, nor was any such notice posted at this particular location of the Office of Motor Vehicles, nor was he *605 given a list of the uses to which the social security account number established for him would be put. On that instance, he was given a list and told that this was what used to be passed out.
XII.
The Plaintiff ... seeks an appropriate award of damages for any injuries which may be proved in the trial of this matter, plus all costs of this litigation and reasonable attorney's fees in the event that he prevails.
WHEREFORE, the Plaintiff ... prays that after due proceedings be had this Court render Judgment in favor of the Plaintiff and against the Defendants and Louisiana, granting the Plaintiff relief on all causes of action asserted herein, and enjoining the Defendants from continuing enforcement of the practice of requiring Mr. Perret to give the social security account number established for him. The Plaintiff also requests that he be awarded any damages proven at trial ....
Plaintiff's petition does not state specific dates for some of the acts of which he complains. See paragraph XI. Further, the record contains no evidence of the dates of the acts of which plaintiff complains in paragraph XI. Therefore, there is no indication as to the amount of time that has elapsed between the acts complained of in paragraph XI and the filing of this suit. Where a plaintiff's petition does not contain specific dates associated with the acts of which he complains in his petition, the petition is not prescribed on its face. See Doucet v. Lafourche Parish Fire Protection Dist. No. 3, 589 So.2d 517, 519 (La.App. 1 Cir.1991);[5]see also Thaxton v. Roberson, 224 So.2d 183 (La.App. 3 Cir. 1969). Therefore, plaintiffs claims for injunctive relief and damages are not prescribed based solely on the face of his petition. Finally, even if we hold that plaintiff's claims were prescribed, plaintiff must be given an opportunity to amend his petition to remove the grounds for the objection of prescription, if he is able to do so. La. C.C.P. art. 934; see Marmolejo v. Fairmont Roosevelt Hotel Co., Inc., 301 So.2d 375, 377 (La.App. 4 Cir.1974).
The trial court erred in sustaining the objection of prescription based solely on the facts alleged on the face of the petition.
This assignment of error has merit.

DECREE
For the foregoing reasons, the trial court's judgment sustaining defendant's peremptory exception raising the objection of prescription is reversed; judgment is rendered in favor of the appellant and against DPSC overruling the exception; this action is remanded to the trial court for further proceedings in accordance with law. DPSC is cast for the costs of this appeal in the amount of $540.72.
REVERSED AND REMANDED.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] La. R.S. 32:409.1A(2)(vi) provides that an applicant for a driver's license shall provide a social security number.
[3] The record does not show when this suit was filed or dismissed.
[4] Plaintiff's petition for appeal was filed on October 9, 2001, and stated that the plaintiff had not yet received a copy of the trial court's judgment of July 30, 2001. The trial court signed a final judgment on October 10, 2001, and granted the plaintiff's appeal on October 11, 2001.
[5] In Doucet, the court stated, "On the record before us, it is impossible to determine if the prescriptive period has run. In the interest of justice, the appellate court can remand for proper consideration when the record is so incomplete that the court is unable to pronounce definitively on the issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision." Doucet, 589 So.2d at 519-520, citing La. C.C.P. art. 2164.