928 So.2d 129 (2005)
Nedra Clem JACKSON
v.
CAPITOL CITY FAMILY HEALTH CENTER, Debra Lazare, Carolyn Weatherspoon & Flitcher Bell.
No. 2004 CA 2671.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
*130 Shelton Dennis Blunt, Mary M. Felton, Baton Rouge, Counsel for Plaintiff/Appellant, Nedra Clem Jackson.
Murphy F. Bell, Jr., Baton Rouge, Counsel for Defendant/Appellee, Capitol City Family Health Center.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
CARTER, C.J.
Plaintiff appeals the trial court's judgment granting defendant's motion for involuntary dismissal of plaintiff's petition for breach of contract. We affirm.

FACTS AND PROCEDURAL HISTORY
On November 1, 2000, physician Nedra Clem Jackson, entered into a written contractual agreement with Capitol City Family Health Center (CCFHC) to provide medical services to CCFHC patients for a minimum of two hours per week. In addition, Dr. Jackson agreed to provide medical on-call services to CCFHC.
In December 2000, Ramona Green began working at CCFHC as a physician assistant. In Louisiana, physician assistants are required to work under the supervision of a physician approved by, and registered with, the Louisiana State Board of Medical Examiners. LAC 46:XLV.1501, et seq. (March 1999). Accordingly, on December 19, 2000, Dr. Jackson and Ms. Green signed a "Notification of Intent to Practice as a Physician Assistant." On January 10, 2001, Dr. Jackson signed an "Application for Registration as a Supervising Physician for a Physician Assistant," and CCFHC paid the $75 application fee. Dr. Jackson's supervising physician certificate was issued on January 24, 2001.
Dr. Jackson testified that she acted as Ms. Green's supervising physician from January 25, 2001, through March 30, 2001. Although Dr. Jackson was not always physically present with Ms. Green at the clinic, the testimony established Dr. Jackson was readily available by way of phone or pager. Ms. Green could not remember how often she consulted with Dr. Jackson; however, she indicated it was at least once a day, usually at the end of the day.
*131 On April 14, 2002, Dr. Jackson sued CCFHC for breach of contract,[1] alleging that under the terms of her contract with CCFHC she was entitled to an additional $37,600 in compensation, which represents $100 per hour for the 376 hours that she "supervised" Ms. Green. The 376 hours were based on Ms. Green working a 40-hour week during the period of January 26, 2001, to March 30, 2001. Dr. Jackson maintains she is entitled to this sum in addition to the contractual rates of $100 per hour Dr. Jackson received when physically present at the clinic and the $12.50 per hour she received when on-call for the clinic.
A bench trial was held July 7, 2004. When the plaintiff rested her case, defendant moved for an involuntary dismissal under LSA-C.C.P. art. 1672, which the trial court granted. Plaintiff appeals.

DISCUSSION

Motion for Involuntary Dismissal
Louisiana Code of Civil Procedure article 1672 B provides that in an action tried by the court without a jury, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for involuntary dismissal at the close of the plaintiff's case on the ground that upon the facts and law, the plaintiff has shown no right to relief. In deciding whether to grant a motion for involuntary dismissal, the trial court's standard is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish a claim by a preponderance of the evidence. Proof by a preponderance of the evidence means that taking the evidence as a whole, the fact or cause sought to be proved is more probable than not. Foster v. Tinnea, 96-2718 (La.App. 1 Cir. 12/29/97), 705 So.2d 782, 784.
When considering a motion for involuntary dismissal, a plaintiff is entitled to no special inferences in his favor. However, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered. Tyler v. Our Lady of the Lake Hospital, Inc., 96-1750 (La.App. 1 Cir. 6/20/97), 696 So.2d 681, 684. A trial court's decision to dismiss based on LSA-C.C.P. art. 1672 B should not be reversed in the absence of manifest or legal error. Id.
With these legal precepts in mind, this court must determine whether the trial court erred in concluding that under the facts and law, Dr. Jackson failed to show by a preponderance of the evidence any right to relief under Louisiana law.

Breach of Contract
Contracts have the effect of law for the parties. LSA-C.C. art. 1983. Courts are obligated to give legal effect to contracts according to the common intent of the parties. LSA-C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. LSA-C.C. art. 2050.
Whether the terms of a contract are ambiguous is a question of law. Appellate *132 review of questions of law is simply to discern whether the trial court's interpretive decision is legally correct. Seals v. Sumrall, 03-0873 (La.App. 1 Cir. 9/17/04), 887 So.2d 91, 94. The Jackson-CCFHC contract provides in part:
[Dr. Jackson] shall provide medical services to patients who present themselves to the Health Center during its hours of operation, ... [and] be `on call,' as required . . . In addition to the services rendered to CCFHC patients, physician shall provide services as directed by the Administration of the Health Center, including, but not limited to the following: . . . Collaborate with nurse practitioners, physician assistants and others. (Emphasis supplied.)
The compensation agreed to under the contract was "a salary of $100.00 per hour to physician, which salary shall be paid on a bi-weekly basis, and $12.50 per hour for on-call services.... [T]he salary described above constitute[s] the only compensation for services performed under this agreement."
Dr. Jackson seeks an additional $100 per hour for the time spent collaborating and consulting with, as well as supervising, Ms. Green. Dr. Jackson maintains that she is entitled to $100 for every hour that Ms. Green worked at CCFHC, in addition to the $100 per hour Dr. Jackson received for being physically present at the clinic and in addition to the $12.50 per hour she received when on-call. However, under the clear terms of the contract, Dr. Jackson is not entitled to such remuneration. Regardless of whether Dr. Jackson's time was spent seeing clinic patients, doing paperwork, or collaborating with physicians assistants, nurse practitioners, and others, the only compensation to which she was contractually entitled was $100 per hour when at the clinic and $12.50 per hour when on-call. Dr. Jackson conceded that she was fully paid for all of the time she submitted on her time sheets and that the time sheets reflected both her clinical and her on-call time.
We find no error in the trial court's conclusion that under the clear terms of the contract Dr. Jackson was not entitled to additional compensation for the medical services she provided to CCFHC.

Quantum Meruit/Unjust Enrichment
In the alternative, Dr. Jackson argues on appeal that she is entitled to relief under the legal theory of quantum meruit due to CCFHC's "unjust enrichment." The civilian concept of quantum meruit refers to the measure of compensation or price unstated in a contract. Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888, 896. The Jackson-CCFHC contract clearly states the compensation rate to be paid Dr. Jackson. Thus, Dr. Jackson has not stated a claim for quantum meruit under a contract.
Often, the civilian concept of quantum meruit is used interchangeably with the common law substantive law claim geared toward equity, also known as quantum meruit. However, in the absence of a contract, the Louisiana Civil Code's equitable remedy is more correctly referred to as unjust enrichment, also known as actio de in rem verso. Baker, 648 So.2d at 896. Louisiana Civil Code article 2298 provides in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy *133 for the impoverishment or declares a contrary rule.
Accordingly, an action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. Coastal Environmental Specialists, Inc. v. Chem-Lig International, Inc., 00-1936 (La.App. 1 Cir. 11/9/01), 818 So.2d 12, 19. The Louisiana Supreme Court has held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a remedy at law available to the plaintiff. Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 572, 575 (La.1989).
Dr. Jackson has no entitlement to relief under LSA-C.C. art. 2298 because there exists an independent remedy at law, the contract.

CONCLUSION
Plaintiff failed to show by a preponderance of the evidence any right to relief under Louisiana law. The trial court's judgment is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Dr. Nedra Clem Jackson.
AFFIRMED.
NOTES
[1] In her petition, plaintiff also named Debra Lazare, Carolyn Weatherspoon, and Flitcher Bell as defendants. An answer was filed on their behalf. However, the judgment at issue was rendered solely in favor of CCFHC; therefore, the remaining defendants are not before this court for the purpose of this appeal.