ROBERT A. DUNAWAY AND DEBORAH HUNT DUNAWAY
v.
THE SHERWIN-WILLIAMS COMPANY
No. 2007 CA 1120.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
NOT DESIGNATED FOR PUBLICATION
DONALD L. MIERS, JR., Denham Springs, Louisiana, Attorney for Plaintiffs/Appellants, Robert A. Dunaway and Deborah Hunt Dunaway.
DWIGHT C. PAULSEN, III, NICOLE M. DUARTE, DAVID E. REDMANN, JR., TERRANCE A. PROUT, New Orleans, Louisiana, Attorney for Defendant/Appellee, The Sherwin-Williams Company.
Before: GAIDRY, McDONALD and McCLENDON, JJ.
MCDONALD, J.
This is an appeal from the grant of a motion for summary judgment. For the following reasons, we affirm the judgment of the trial court.
Plaintiffs-appellants, Robert A. Dunaway and Deborah Hunt Dunaway, leased property owned by them to defendant-appellee, The Sherwin-Williams Company, for a five-year period beginning March 22, 1995,[1] subject to three five-year renewal periods. The lease, provided by Sherwin-Williams, stated that the lessor leased to Sherwin-Williams the premises described as: "A parcel of land located at 1344 S. Range Avenue, together with the 6750 square foot building and other improvements to be constructed thereon, and all appurtenances thereto (hereinafter referred to as the `premises')."
In 1998, Sherwin-Williams made some alterations to the building to utilize a mezzanine area as office space. These alterations provided approximately 2270 additional square feet of space. The Dunaways filed a lawsuit on September 21, 2005, alleging that Sherwin-Williams had breached the lease agreement by (1) failing to pay additional rent to the plaintiffs for the use of the mezzanine, and (2) altering the leased premises without their prior written consent.
In October 2006, Sherwin-Williams filed a motion for summary judgment on the grounds that it was clear from the terms of the lease agreement that it had leased the entire premises located at 1344 South Range Avenue, including the mezzanine. It further contended that since the build-out of the mezzanine was not a structural change, the lease agreement did not require Sherwin-Williams to obtain written prior consent from the plaintiffs before undertaking the mezzanine office space conversion. Contending that there was no material issue of fact with respect to these two issues, Sherwin-Williams sought summary judgment dismissing the Dunaways' suit.
After a hearing on this matter in December 2006, the trial court rendered judgment in favor of Sherwin-Williams, dismissing the Dunaways' claims with prejudice. The Dunaways appeal, asserting that the trial court erred in granting a motion for summary judgment as to all issues in the matter.
Summary judgments are reviewed on appeal de novo. An appeal court thus asks the same questions as does the trial court in determining whether summary judgments is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgments as a matter of law. Ernest v. Petroleum Service Corp., 02-2482 (La. App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, 03-3439 (La. 2/20/04), 866 So.2d 830. The record and all reasonable inferences that may be drawn from it are viewed in the light most favorable to the non-movant, and all doubts should be resolved in the non-moving party's favor. Hines v Garrett, 04-0806 (La. 6/25/04), 876 So.2d 764, 765.
Contracts have the effect of law for the parties. La. C.C. art. 1983. Courts are obligated to give legal effect to contracts according to the common intent of the parties. LA. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Whether the terms of a contract are ambiguous is a question of law. Appellate review of questions of law is simply to discern whether the decision is legally correct. Jackson v. Capitol City Family Health Center, 04-2671 (La. App 1st Cir. 12/22/05) 928 So.2d 129, 131-32.
The trial court gave excellent reasons for the judgment rendered, citing the appropriate civil code articles, as well as jurisprudence. The reasons recited into the record completely cover all material issues and demonstrate the trial court's consideration of all issues and evidence. Ultimately, the court concluded that the lease was very clear and that there were no genuine issues of material fact precluding summary judgment. The Dunaways argue that it was their intent that the lease was to be on a square foot basis. However, we agree with the conclusion of the trial court that the lease was unambiguous, and no testimony regarding the parties' intent was admissible.
After careful review of the record in this matter, we find no error in the trial court's decision. Therefore, the judgment appealed is affirmed in accordance with Uniform Court of Appeal Rule 2-16.2.A(2), (4), (5), and (6). Costs of this appeal are assessed to Robert A. Dunaway and Deborah Hunt Dunaway.
AFFIRMED.
NOTES
[1] The lease was dated March 22, 1995. However, the lease recited that the term of the lease was for a period of five years, commencing on the first day of the calendar month next following the "tenancy date." The tenancy date was defined as the earlier of either: (1) the forty-fifth day after Lessor shall have notified Sherwin-Williams in writing that the leased premises are available for occupancy, or (2) the date Sherwin-Williams shall open its store for business. The record indicates that Sherwin-Williams opened a retail store on the leased premises on June 14, 1995.