KUHN, J.
| ^Plaintiff-appellant, Stanley Perret, appeals the trial court’s judgment, granting an involuntary dismissal in favor of defendant-appellee, Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles (OMV), and dismissing his claim for damages arising from OMV’s failure to promptly notify him of its potential uses for his social security number that he was required to provide in order to renew his driver’s license. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
In 1996, Perret attempted to renew his driver’s license with the OMV. When he was asked to provide his social security number, Perret advised the OMV representative that he did not want to disclose that information. He left the OMV office without obtaining a renewal of his driver’s license. He subsequently returned to OMV with a written request to renew his driver’s license without providing his social security number. After speaking with a number of OMV representatives up the chain of command, Perret was unable to renew his driver’s license, having been advised that supplying OMV with his social *264 security number was a requirement of state law.[1]
Perret returned to an OMV office in April 2000, again seeking to obtain a driver’s license without disclosing his social security number. After he was again advised that he could not obtain a driver’s license without providing OMV with his social security number, Perret requested a privacy notice. The OMV representative told Perret, “We don’t give that.” Before he left, however, Perret was given a | ./‘privacy act notice.” Perret ultimately obtained a Louisiana driver’s license in 2005 after providing OMV with his social security number “under verbal protest.”
Perret filed this lawsuit on September 6, 2000, seeking damages for having been denied a driver’s license and for the failure of OMV to timely provide him with a privacy notice that outlined the potential uses to which his social security number would be put. After Perret put on his case-in-chief,[2] OMV moved for and was granted an involuntary dismissal. This appeal follows, in which Perret urges that the trial court erred in granting OMV’s motion and involuntarily dismissing his lawsuit.
DISCUSSION
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. La. C.C.P. art. 1672 B. In deciding whether to grant a motion for involuntary dismissal, the trial court’s standard is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish a claim by a preponderance of the evidence. Proof by a preponderance of the evidence means that taking the evidence as a whole, the fact or cause sought to be proved is more probable than not. Jackson v. Capitol City Family Health Ctr., 2004-2671, pp. 3-4 (La.App. 1st Cir.12/22/05), 928 So.2d 129, 131.
When considering a motion for involuntary dismissal, a plaintiff is entitled to no special inferences in his favor. However, absent circumstances in the record |4casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered. Id., 2004-2671 at p. 4, 928 So.2d at 131. A trial court’s decision to dismiss based on La. C.C.P. art. 1672 B should not be reversed in the absence of manifest or legal error. Id.
According to the Privacy Act of 1974, 5 U.S.C. 552A NOTE, section 7[3]:
(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual’s refusal to disclose his social security account number. (2) The provisions of paragraph (1) of this subsection shall not apply with respect to—
*265 (A) any disclosure which is required by Federal statute, or
(B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
88 Stat. at 2194.
Perret concedes that under section 7 of the Privacy Act of 1974, OMV is permitted to demand that he provide his social security number in order to obtain a driver’s license. But he asserts that the failure of OMV to inform him of the uses to which his social security number will be put as required by subsection C of section 7 supports his entitlement to damages. Although OMV correctly points out that section 7 does not contain an express remedial scheme to support his claim, see Dittman v. California, 191 F.3d 1020, 1026 (9th Cir.1999), cert. denied, 580 U.S. 1261, 120 S.Ct. 2717, 147 L.Ed.2d 982 (2000), Perret nevertheless claims entitlement to damages under 42 U.S.C. § 1983, see e.g., Schwier v. Cox, 340 F.3d 1284, 1289 (11th Cir.2003) (holding that rights conferred by section 7 of the Privacy Act of 1974, which bars agencies from denying any right because of an individual’s refusal to disclose his social security number, could be enforced by a private right of action under § 1983), as well as under La. C.C. art. 2315.
The evidence in this case failed to establish a violation of section 7(b) of the Privacy Act of 1974 so as to support recovery under § 1983. Perret conceded that OMV informed him that disclosure of his social security number was mandatory. He also admitted in his trial testimony that he had been given a copy of La. R.S. 32:409.1 A(2)(d)(6) (setting forth that an applicant for a driver’s license shall provide his social security number). Thus, the only violation of section 7 that Perret asserts supports a claim for damages is that he was not given a list of the uses that would be made of his social security number contemporaneously with his refusal to disclose that information. But nothing in section 7(b) requires that OMV’s intended uses be disclosed contemporaneously with the driver’s license applicant’s refusal to disclose his social security number. Additionally, Perret testified that an OMV representative eventually handed him a copy of a “privacy act notice,” and nothing in the record establishes that it was not in conformity with the requirements of the | Privacy Act of 1974. Mindful that Per-ret seeks neither injunctive nor declaratory relief in this lawsuit, we find no error in the trial court’s conclusion that Perret failed to establish entitlement to a monetary judgment given the lack of evidence to support a finding that OMV violated section 7(b) of the Privacy Act of 1974.
Insofar as Perret’s claimed entitlement to damages under La. C.C. art. 2315, we likewise find no merit in his contentions. Because he conceded that OMV acted within its legal authority to require disclosure of his social security number and ultimately provided him with the requisite notice, and since he has proven no other duty that OMV may have breached under the facts of this case, Perret failed to establish entitlement to recovery under La. C.C. art. 2315. See Rideau v. State *266 Farm Mut. Auto. Ins. Co., 2006-0894, p. 8 (La.App. 1st Cir.8/29/07), 970 So.2d 564, 573, writ denied, 2007-2228 (La.1/11/08), 972 So.2d 1168 (to impose liability a plaintiff must prove, among other things, that the defendant had a duty to conform its conduct to a specific standard of care (the duty element)).[4]
DECREE
For these reasons, the trial court’s judgment, granting OMV’s motion for an involuntary dismissal and dismissing Perret’s claims, is affirmed. Appeal costs are assessed against Stanley Perret.
AFFIRMED.
GUIDRY, J., concurs in the result.

. On March 15, 1996, Perret filed a lawsuit seeking a declaratory judgment and injunctive relief, which was voluntarily dismissed in February 2000.

. A trial court judgment sustaining a peremptory exception raising the objection of prescription in favor of OMV was reversed by this court, see Perret v. La. Dep't of Pub. Safety and Corr., 2001-2837 (La.App. 1st Cir.9/27/02), 835 So.2d 602, and the matter proceeded to a trial on the merits.

.See PL 93-579, DECEMBER 31, 1974, 88 Stat 1896, in which the Privacy Act Law of 1974, 5 U.S.C. 552A NOTE, is set forth.

. Although Perret suggests that because "OMV committed an invasion of [his] right of privacy,” he is afforded recovery under La. Const. Art. I, § 2 ("No person shall be deprived of life, liberty, or property, except by due process of law”). But Perret has not proven any substantive or procedural due process violation. Perret’s contention that OMV "committed a taking of [his] privilege without compensation therefore giving rise to and an action” under La. Const. Art. I, § 5 ("Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy”) is also without merit. Because OMV acted in conformity with section 7 of the Privacy Act of 1974, Perret has failed to establish that OMV's actions were unreasonable so as to support a claim for recovery under La. Const. Art. I, § 5.